**264**

**Larry Wayne HOLCOMB, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1973.

John E. Taylor, Eubanks, Gardner & Lorenz, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

A jury verdict convicted Larry Wayne Holcomb of the offense of knowingly receiving stolen property of the value of more than $100. The range of punishment provided by the applicable statute is confinement in the penitentiary from one to five years. The jury was unable to agree on the extent of punishment. The trial judge accepted the guilty verdict and fixed punishment at one year's confinement, the minimum period provided for the particular offense. Holcomb appeals.

We hold that the trial judge erred in accepting the incomplete verdict, but that the error committed in the specific and confined circumstances of this case did not affect the substantial rights of the appellant and, therefore, the judgment both as to guilt and punishment should be affirmed.

In Franklin v. Commonwealth, Ky., 490 S. W.2d 148 (1972), this court stated that the right to have the jury fix the punishment in this jurisdiction is procedural. RCr 9.-84 provides:

"(1) When the jury returns a verdict of guilty it shall fix the degree of the offense and the penalty, except where the penalty is fixed by law, in which case it shall be fixed by the court."

This procedural rule plainly imposes a requirement that in a verdict of guilty the jury should have fixed a specific penalty in the present case. It is apparent that the verdict returned by this jury was incomplete under the expressed standard stated in the procedural rule.

23A C.J.S. Criminal Law § 1408, p. 1106, states:

"Where the jury fail to assess the punishment pursuant to statutory mandate, the verdict will not sustain a judgment, and the court should decline to receive the verdict. Where a statute requires that a verdict of guilty of a specified offense shall assess a term of imprisonment as part of the punishment, a verdict omitting such provision is fatally defective."

Although we do not deal here with a "statutory mandate," in the strictest sense

of that term, we nevertheless are confronted with a specific procedural rule, the application of which requires the conclusion that the verdict in this case was incomplete and should not have been received by the court.

In Stephens v. Commonwealth, 164 Ky. 265, 175 S.W. 353 (1915), this court held that where the verdict of the jury did not meet the requirements of an indeterminate sentence statute then in effect, the proper practice was "not to receive the verdict but to instruct the jury to retire to the jury room and agree, if they can, upon a verdict and then to put it in proper form." In Bentley v. Commonwealth, Ky., 269 S.W.2d 253 (1954), the trial court erroneously instructed the jury that it could fix the defendant's punishment at a fine in any sum or imprisonment for any length of time, or both. The statute under which the defendant was indicted, however, fixed the punishment at imprisonment for not less than six nor more than twelve months. The jury's verdict fixed punishment at 30 days in jail and a fine of $100. On the defendant's appeal the Commonwealth contended that as the punishment fixed by the jury was less than that provided in the applicable statute, the defendant could not have been prejudiced. The contention was rejected, however, because the instruction given expressed neither a minimum nor a maximum on the punishment the jury was authorized to inflict. This court remarked in that opinion that the jury under a proper instruction might not have been willing to convict the defendant had it known the minimum punishment inflicted must be six months' confinement in jail; hence, the court reasoned the jury might well have acquitted the defendant before fixing such punishment. A new trial was ordered.

In the earlier case of Bowling v. Commonwealth, 193 Ky. 642, 237 S.W. 381 (1922), the trial court had instructed on a range of punishment provided in a specific subsection of a statute concerning the unlawful manufacture of liquor. The evidence established that a different statute, which prescribed a higher range of penalties, was applicable. This court held that even if the punishment prescribed by the instructions was erroneously stated, since the jury's verdict fixed a penalty less than the minimum of that allowed by the applicable statute, the defendant was not prejudiced and was not entitled to a new trial. We have found no cases in Kentucky certifying the law where the objection to reception of such an incomplete verdict was made by the Commonwealth. It is surely conceivable, however, that the Commonwealth could legitimately make such objection and a new trial be required under proper circumstances.

In the case at bar, however, the objecting party is the defendant. The error of which he complains is the violation of a procedural rule. The same procedural code, which we said in the Franklin case was the source of the jury's authority to fix punishment, contains a provision that "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." RCr 9.24.

It is our conclusion that error was committed, but that the defective verdict, which was the subject of the error, did not affect the appellant's substantial rights. The jury was properly instructed. The instructions made clear the range of punishment. With full knowledge of the permissible range of punishment, the jury elected to find appellant guilty beyond a reasonable doubt. The action of the trial judge in imposing sentence at the minimum penalty possible afforded appellant the most indulgent treatment he was entitled to receive in view of the clear and knowledgeable verdict of guilty. When the issue is appraised in these narrowly restricted circumstances, it is our conclusion that the defendant's objection to the judgment and sentence cannot prevail because his substantial rights were not violated.

The judgment is affirmed.

All concur.