Frank Luther EVANS, Petitioner-
Appellant,

v.

Henry E. COWAN, Warden, Kentucky
State Prison, Respondent-
Appellee.

No. 74-1520.

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 1974.

Frank Luther Evans, pro se.

Anthony M. Wilhoit, Public Defender, David E. Murrell, Deputy Public Defender, Frankfort, Ky., for petitioner-appellant.

Ed W. Hancock, Atty. Gen. of Kentucky, Frankfort, Ky., Thomas E. Emerson, Asst. Atty. Gen., for respondent-appellee.

Before CELEBREZZE, PECK and MILLER, Circuit Judges.

PECK, Circuit Judge.

Petitioner-appellant perfected this appeal from the denial of his petition for a writ of habeas corpus directed to his conviction at jury trial under a two-count indictment charging him with armed robbery and with being a habitual criminal. For the reasons hereinafter appearing, the judgment of the district court is reversed.

Appellant was indicted under Kentucky law for armed robbery [1] and for being a habitual criminal [2] because of four prior felony convictions (consisting of nine separate counts). Prior to trial, appellant moved that there be a bifurcated trial with the habitual criminal charge being tried separately from the charge of armed robbery. He also moved that no evidence of the prior convictions be admitted during the trial on the principal offense. The trial court denied both motions. Appellant then notified the court that he wished to make "a continuing objection to all evidence of his previous criminal record during the Commonwealth's Proof in Chief." During the course of the trial the state introduced evidence of appellant's prior

---

1. Ky.Rev.Stat. 433.140 Armed robbery or burglary.

"Any person who commits robbery or burglary or any act penalized by KRS 433.130, and in committing the act uses or displays any pistol, gun or other firearm or deadly weapon shall be punished by confinement in the penitentiary for not less than ten (10) years or for life, or by death."

2. Ky.Rev.Stat. 431.190 Conviction of felony; punishment on second and third offenses.

"Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury finds, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

felony convictions. Appellant failed to request and the court did not of its own volition give an instruction admonishing the jury not to consider the evidence of prior convictions in determining guilt or innocence on the primary charge. Appellant did not take the stand.

Appellant challenges the constitutionality of the admission of evidence of prior felony convictions during the trial on the principal charge of armed robbery. He argues that he was prejudiced by the introduction of four previous convictions when the statute requires proof of no more than two. He further complains that no limiting instruction was given to the jury in connection with this evidence.

The Supreme Court of the United States has said that the constitutionality of the practice of inflicting more severe criminal penalties upon habitual offenders is no longer open to serious challenge. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). The Kentucky Court of Appeals has upheld the statute in question under various constitutional attacks. Wilson v. Commonwealth, 403 S.W.2d 705 (Ky.1966); Jones v. Commonwealth, 401 S.W.2d 68 (Ky.1966); Adamson v. Hoblitzell, 279 S.W.2d 759 (Ky.1955); Lovan v. Commonwealth, 261 Ky. 198, 87 S.W.2d 381 (1935). Furthermore, the habitual criminal issue may be combined with the trial of the felony charge even though it is a separate and distinct issue. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Stewart v. Commonwealth, 479 S.W.2d 23 (Ky. 1972). There is also authority for the proposition that any number of prior convictions may be admitted into evidence. United States ex rel. Bolish v. Maroney, 409 F.2d 1404, 1405 (3rd Cir.), cert. denied, 396 U.S. 893, 90 S.Ct. 187, 24 L.Ed.2d 168 (1969); McGill v. Commonwealth, 365 S.W.2d 470 (Ky. 1969).

In Spencer v. Texas, *supra*, the Supreme Court closely examined the Texas practice of informing the jury of the prior convictions before the determina-tion of the primary charges and found that it necessarily resulted in prejudice to the defendant. However, the prejudicial effect was held to be "justified on the grounds that . . . the jury is expected to follow instructions in limiting this evidence to its proper function . . . ." 385 U.S. at 562, 87 S.Ct. at 653. Said instruction contemplates an admonition not to consider the previous convictions as evidence of guilt on the primary charge. This safeguard instruction doctrine is not a stranger to Kentucky law. Lynch v. Commonwealth, 472 S.W.2d 263, 266 (Ky.1971).

In the instant case the jury was not instructed on the permissible uses of the evidence of previous convictions. The state suggests that appellant's failure to request a limiting instruction precludes him from raising this point on appeal. We do not agree. First, during pretrial proceedings appellant moved for a bifurcated trial to prevent the jury's being prejudiced by evidence of his prior convictions, thus apprising the court of his contention. Secondly, appellant made a continuing objection to the admission of any such evidence during the trial. Finally, we are convinced that the possibility of egregious unfairness was so great in the absence of a limiting instruction that the failure to give one constituted clear error.

The Supreme Court made it clear in *Spencer* that the obvious prejudice to defendant could be tolerated only where the jury was admonished by the trial court not to use the evidence of previous convictions in determining guilt or innocence on the primary charge. Further, in the circumstances presented by the record before us we hold that the trial court had the duty to give a limiting instruction even if the defendant had not requested one.

Appellant complains about certain statements made by the prosecuting attorney during final argument. In view of our decision on his first contention, however, we need not deal with the issues raised by this assignment of error.

In accordance with the foregoing, the judgment of the district court is reversed and the cause is remanded to the district court for remand to the Jefferson Circuit Court with instructions that petitioner-appellant be retried within sixty days from the date of such remand or released from custody.