**Joe DAWSON, Petitioner-Appellant,**

**v.**

**Henry COWAN, Superintendent, Kentucky State Penitentiary, Respondent-Appellee.**

**No. 75–1338.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1975.

Decided March 26, 1976.

Paul F. Isaacs, Asst. Public Defender, Frankfort, Ky., for petitioner-appellant.

Ed W. Hancock, Atty. Gen. of Kentucky, James M. Ringo, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Kentucky denying appellant's petition for a writ of habeas corpus. Appellant is confined in the Kentucky State Penitentiary at Eddyville.

On February 23, 1972, appellant Joe Dawson was convicted by a jury of the attempted rape of a child under the age of twelve, and sentenced to twenty years confinement. Although he was also charged under the habitual offender statute, KRS 431.190, the jury convicted him of only the principal offense. An appeal presenting the issue of ineffective assistance of counsel was taken to the Kentucky Court of Appeals, which affirmed the conviction.

Appellant filed a Petition for a Writ of Habeas Corpus in the district court, and again asserted the claim of ineffective assistance of counsel. He alleged the following facts in support of this contention. His court-appointed counsel, John Scott McGaw, was the City Attorney for Madisonville, Kentucky, where the crime occurred. Appellant contends that McGaw's office prevented him from representing appellant with undivided loyalty. He also contends that the jury was told in connection with the habitual offender charge that appellant had previously been convicted of rape, despite the fact that the prior conviction was for attempted rape. He asserts that McGaw made no attempt to correct this discrepancy. He also complains that McGaw failed to ask the court to instruct the jury that evidence of a prior offense could be considered only in connection with the habitual offender charge, and not as proof of his guilt of the principal charge. He contends that his counsel erred in failing to object to statements volunteered by two police witnesses about an unrelated arrest warrant pending against him at the time of his arrest. Finally, he contends that after filing a motion for a new trial, McGaw abandoned him by failing to bring the motion on to be heard, which had the effect under Kentucky practice of barring an appeal.

In support of his contention that the appointment of the city attorney as his de-

fense counsel *per se* denied him the effective assistance of counsel, appellant relies upon *Berry v. Gray*, 155 F.Supp. 494 (W.D. Ky.1957). That case held that a defendant was denied the effective assistance of counsel when the county attorney, who was required by statute to assist the Commonwealth attorney in criminal prosecutions, was appointed to represent him. Appellant urges us to overrule *Harris v. Thomas*, 341 F.2d 560 (6th Cir. 1965), where we expressly refused to adopt a rule that a city attorney is *per se* disqualified for appointment to represent an indigent defendant accused of a crime. Appellant argues that the city attorney, who has a duty to prosecute misdemeanor cases arising under city ordinances, and who may advise city policemen from time to time, cannot maintain the unimpaired loyalty to a criminal defendant client that is required by the standard of effective assistance of counsel. He contends that even if no actual prejudice to his interest can be shown, the appearance of impropriety and the risk of prejudice are so great that the court should forbid this practice by adopting a *per se* rule.

*Per se* rules frequently are fashioned when there is an unusually high risk of prejudice to a party and the proofs of prejudice may be difficult to establish; or when an important social policy will be served by a prophylactic rule; or a more definite standard is required to guide official conduct in future cases; or when case by case analysis places an unjustifiable burden on limited judicial resources. We should not consider overruling our prior decision in *Harris v. Thomas*, where we rejected a *per se* rule, without a record that permits us to give proper weight to these considerations. Since Dawson's petition was disposed of on motion without an evidentiary hearing, this record is an inadequate vehicle. We are also concerned that the adoption of a *per se* rule might make it difficult or impossible to secure appointed counsel for indigent defendants in sparsely settled communities where there are few lawyers, and most or all of them may have some governmental affiliation. For these reasons, and because our determination of another issue is dispositive of this appeal, we decline at this time to review our earlier decision in *Harris v. Thomas*.

■ Appellant's second contention, that McGaw's failure to bring on for hearing the motion for a new trial prevented appellant from appealing, will not support a finding of unconstitutional detention because no prejudice resulted. As we noted above, Dawson perfected an appeal to the Kentucky Court of Appeals, which considered the merits of his case when it affirmed the conviction.

A more difficult problem is presented by appellant's argument that McGaw failed to request the court to instruct the jury that his past conviction could be considered *only* in connection with the charge that he was an habitual offender, and *not* in connection with the charge of attempted rape for which he was being tried. He argues that because McGaw failed to make this request, his representation failed to meet the standard of effective assistance of counsel.

Two cases bear directly upon this contention. The first is *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). In *Spencer*, the Supreme Court considered the validity of the Texas procedure under the state habitual offender statute which permitted enhancement of the punishment of a convicted defendant who had previously been convicted of other crimes. The statute permitted the prosecution to present to the jury during the trial of the principal charge evidence of the defendant's prior convictions. The Court rejected the contention that:

> use of prior convictions in the current criminal trial of each petitioner was so egregiously unfair upon the issue of guilty or innocence as to offend the provisions of the Fourteenth Amendment that no State shall "deprive any person of life, liberty, or property, without due process of law . . . ." 385 U.S. 559, 87 S.Ct. 651, 17 L.Ed.2d 611.

The Court held that the state had a legitimate interest in enhanced sentence laws,

and it upheld the Texas practice because the defendant's rights were protected by (1) limiting instructions to the jury, and (2) the trial judge's discretion to limit or prevent the admission of particularly prejudicial evidence.

More recently, our court considered the Kentucky practice employed in this case of introducing evidence of prior convictions (to prove habitual offender status) in the trial of the principal charge. *Evans v. Cowan*, 506 F.2d 1248 (6th Cir. 1974), like the case before us, was an appeal from the denial of a writ of habeas corpus. In a trial for armed robbery the state trial judge had permitted the introduction of evidence of the defendant's prior felony convictions in support of the charge that he was an habitual offender. A limiting instruction like that which the *Spencer* court found protected the defendant's interests was not requested by the defendant nor given, *sua sponte*, by the trial court.

We held that the conviction violated due process, stating:

> . . . we are convinced that the possibility of egregious unfairness was so great in the absence of a limiting instruction that the failure to give one constituted clear error.

The Supreme Court made it clear in *Spencer* [*v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967)] that *the obvious prejudice to defendant could be tolerated only where the jury was admonished by the trial court not to use the evidence of previous convictions in determining guilt or innocence on the primary charge.* Further, in the circumstances presented by the record before us we hold that the trial court had the duty to give a limiting instruction even if the defendant had not requested one. 506 F.2d 1249. [Emphasis added.]

■ *Evans v. Cowan* and *Spencer v. Texas* are determinative of the issue before us. *Spencer* upheld the Texas procedure on the grounds that the defendant's interests were protected by a limiting instruction. In *Evans v. Cowan*, where no limiting instruction was given, we held that the prejudice to the defendant was so great that failure to give the instruction constituted plain error of constitutional magnitude, requiring relief even though the defendant did not request the instruction.

The relevant facts in this case are the same as those in *Evans v. Cowan*, and since, as in *Evans*, appellant's conviction was obtained in violation of due process, he is entitled to habeas corpus relief.

Although appellant presented the failure to request a limiting instruction as one ground of his broader claim that he was denied the effective assistance of counsel, we think that our opinion in *Evans* makes it clear that the failure of the trial court to give a limiting instruction in these circumstances requires us on constitutional grounds to give appellant relief from detention. Accordingly, we find it unnecessary to consider the other grounds for relief presented by appellant.

The judgment of the district court is reversed, and the case is remanded to the district court with instructions to grant appellant relief from detention unless he is retried within a reasonable time.