Jesse Frank BELL, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1978.

Discretionary Review Denied
June 27, 1978.

Jack Emory Farley, Public Defender, Margaret M. Allison, Asst. Public Defender,

J. Vincent Aprile, II, Asst. Deputy Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, WILHOIT and WINTERSHEIMER, JJ.

HOWERTON, Judge.

Appellant was convicted of possessing alcoholic beverages for the purpose of sale in a dry territory. His punishment was enhanced under KRS 242.990, after proof of a prior offense. The actions were tried together without objection, and the jury fixed his punishment at 120 days in jail and a $200 fine.

On this appeal appellant first alleges that the enhancement of penalty was incorrectly given in that his first conviction was unconstitutional. Appellant argues that his prior conviction was void because the record is silent as to whether the appellant was represented by counsel during the previous proceedings in which he entered a plea of guilty and that the record is also silent as to whether appellant waived his right to counsel. In support of this contention, appellant cites *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The essence of the holding in *Burgett, id.,* is that no presumptions can be made against the accused from a silent record.

There are many distinguishing factors between this appeal and the situation in *Burgett, id.* We must keep in mind that the burden of raising and proving the issue was on the appellant. The record in this case reveals that the only question raised regarding the prior conviction and representation of appellant by counsel occurred when appellant's counsel in this action asked a witness if the prior judgment indicated whether or not Bell was represented by counsel. Bell never testified to the fact that he was not represented by counsel, or if not, that he had no knowledge of his right to be represented by counsel.

■ Our Supreme Court has recently held in *Phillips v. Commonwealth,* Ky., 559 S.W.2d 724 (1977), that a felon has the burden to produce evidence that his constitutional rights were violated during previous proceedings. An accused has a constitutional right to counsel unless he voluntarily and intelligently waives that right, but he must claim the violation. It is after this point that the rule in *Burgett, supra,* would preclude a presumption that everything was proper in a prior conviction and judgment which was silent as to the issues raised. Our Supreme Court, in *Phillips, supra,* provided:

> If Phillips' argument is carried to its logical conclusion, the 30-year-old judgments must recite affirmatively, and in specific terms, that every constitutional right of a criminal defendant, either then known or later discovered, and made retroactive, was afforded him. The defendant would not be required to assert that he had suffered the deprivation of a constitutional right. He need not risk perjury, all that is required is that he silently point to a silent record. The administration of criminal justice becomes a chess game totally unrelated to a search for truth.

We therefore have no grounds upon which to hold that the prior conviction was void. See also, *Ingram v. Commonwealth,* Ky., 427 S.W.2d 815 (1968), and *McHenry v. Commonwealth,* Ky., 490 S.W.2d 766 (1973).

■ Appellant's next argument is that the trial court failed to comply with the sentencing procedures outlined in KRS 533.010. Appellant requests that the case be remanded for resentencing to comply with the requirements of *Brewer v. Commonwealth,* Ky., 550 S.W.2d 474 (1977).

*Brewer, id.,* was a felony case, and was primarily concerned with the sentencing procedures and the mandatory requirements of KRS 532.050(1), to wit:

> No court shall impose sentence for conviction of a felony, other than a capital offense, without first ordering a pre-sentence investigation and giving due consideration to a written report of such investigation.

*Brewer, supra,* did refer to KRS 533.010, which relates to sentencing in all crimes except where the death penalty has been imposed, and the opinion on this point reads:

> The record of the proceedings leading up to the entry of the judgment should clearly reflect the fact that the consideration required by KRS 533.010 has been afforded the convicted person before judgment was fully entered.

KRS 533.010 does require the trial judge to consider probation or conditional discharge in all convictions except where the death penalty has been imposed, and subsection (2) reads:

> Before imposition of a sentence of imprisonment, the court shall consider the possibility of probation or conditional discharge. After due consideration of the nature and circumstances of the crime, and the history, character and the condition of the defendant, probation or conditional discharge should be granted unless the court is of the opinion that imprisonment is necessary for protection of the public . . . .

We do not conclude that the trial court has an obligation to provide pre-sentencing reports in misdemeanor cases as it is required to provide in felony cases, but we do conclude that the trial judge must comply with KRS 533.010 and give due consideration to the possibility of probation after first considering the crime and the defendant. To insure such compliance, the trial court must place in the record a statement sufficient to show that the necessary consideration has been given.

■ We are satisfied in this action that the trial judge did in fact consider the possibility of probation or conditional discharge. The judgment indicates that appellant and his counsel had an opportunity to make any statement they might choose to make in mitigation of punishment, and the judgment went on to provide:

> The court is of the opinion that confinement is necessary for the protection of

the public because there is a substantial risk that during a period of probation or conditional discharge the defendant would commit another crime.

We would caution all district and circuit judges, however, to clearly reflect compliance with KRS 533.010 in every judgment sentencing a defendant to jail.

During oral arguments, a substitute counsel represented appellant. Counsel attempted to raise two new assignments of error and was requested to file a written motion in support of the request. The motion was duly filed and a response was given by the Attorney General. The motion was denied, but since both sides adequately briefed the points in contention, we have decided to consider them in this opinion in order to avoid a review of the issue in possible future proceedings.

The first error is claimed to be of constitutional magnitude. Appellant claims he was denied his constitutional right to fundamental fairness when the trial court failed either to instruct or admonish the jury that the evidence of appellant's previous misdemeanor conviction could not be considered in determining appellant's guilt or innocence on the primary charge of unlawful possession of intoxicating liquors for purpose of sale. Instructions were given by the court on the issue of guilt in the present charge and on the issue of the previous conviction for purposes of enhancing the penalty, but no objection was made to the instructions, nor was any request made for an admonition.

Appellant cites Lynch v. Commonwealth, Ky., 472 S.W.2d 263 (1971) and Satterly v. Commonwealth, Ky., 437 S.W.2d 929 (1968). Both of these decisions were rendered prior to the enactment of RCr 9.54, which now provides in subsection (2) that no party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes objection before the court instructs the jury, stating specifically the matter to which he objects and the grounds or ground of his objection. Before this rule was amended on March 1, 1974, the court was required to give all of the instructions necessary in a case, and an appellant could object to an instruction in a motion for a new trial.

■ Appellant also cites two federal cases, Evans v. Cowan, 506 F.2d 1248 (6th Cir. 1974) and Dawson v. Cowan, 531 F.2d 1374 (6th Cir. 1976). The Kentucky appellate courts need not follow the Federal Circuit Court of Appeals on rulings involving Kentucky law. For example, in Reams v. Commonwealth, Ky., 522 S.W.2d 853 (1975), and in Steenbergen v. Commonwealth, Ky., 532 S.W.2d 766 (1976), the Kentucky Supreme Court refused to accept the Sixth Circuit Court of Appeals' ruling in Oliver v. Cowan, 487 F.2d 895 (1973), which had determined that a person was required to have counsel at sentencing. Furthermore, Evans, supra, was decided on Kentucky law which was in effect prior to the amendment to RCr 9.54. Also, in Evans, supra, although appellant did fail to request a limited instruction, he did move for a bifurcated trial to prevent the jury from being prejudiced by evidence of his prior convictions, and he made a continuing objection to the admission of any such evidence during his trial. Evans, supra, at 1249. In Dawson, supra, the court provided, at p. 1377, "The relevant facts in this case are the same as those in Evans . . .."

■ Appellant, in effect, required the trial judge to give all the law as was provided for under the former rules. The present law in Kentucky requires the parties to make an objection, or otherwise that objection is waived. We do not find the alleged error to be so clear, prejudicial or reversible that it could not be waived under all of the circumstances in this misdemeanor conviction.

■ The substitute appellate counsel was also concerned about appellant's constitutional right to the effective assistance of counsel. We are convinced from the record, the briefs, and counsel's efforts to present all legitimate issues appearing in the record that appellant would have no basis for seek-

ing a reversal or post-conviction relief on the basis of ineffective assistance of counsel, and most especially for the representation the appellant has received on this appeal.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.