**Leroy TURNBILL, Jr.,**
**Petitioner–Appellant,**

v.

**Donald E. BORDENKIRCHER, Warden,**
**Respondent–Appellee.**

**No. 80–3054.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 8, 1980.

Decided Nov. 5, 1980.

Frank W. Heft, Jr., Public Defender, Louisville, Ky. (Court–appointed), for petitioner–appellant.

Leroy Turnbill, Jr., pro se.

Guy C. Shearer, Robert Hensley, Asst. Attys. Gen., Frankfort, Ky., for respondent–appellee.

Before EDWARDS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

EDWARDS, Chief Judge.

Turnbill appeals from a life sentence as a habitual offender entered after a jury trial in accordance with the law of Kentucky at that time. Turnbill was tried to a jury for breaking and entering a store and testimony was received from a court clerk to the effect that Turnbill had previously been convicted of robbery in 1957 and storehouse breaking in 1952. No admonition as to the use of this evidence was requested by defense counsel or given by the state trial judge. Subsequently, on Turnbill's own testimony before the jury, he was himself asked how many times he had been convicted of a felony, to which he responded that he had been "arrested" several times. At this point the state trial judge gave an admonition which did not correspond with defendant's testimony about arrest, but did say that testimony pertaining to conviction of a felony "should not be considered by you as evidence of the commission of any crime here, but is only permitted to be used as it goes to his credibility as a witness. . . ."

In submitting this case to the jury, the court did not give instruction on this issue. Subsequently the jurors exhibited an interest in the matter in the following colloquy between the foreman of the jury and the court:

MR. FOREMAN: Some of the jurors asked me to ask the question. We are a little confused as to whether it has been established that this man on trial today is the same man that was convicted before. We know it is the same name, but has it been established that he is one and the same man?

BY THE COURT: You mean by proof under oath?

MR. FOREMAN: That's right.

BY THE COURT: I thought the record clearly established that, and I thought that question was answered by the Commonwealth Attorney.

MR. FOREMAN: Only in summation.

BY THE COURT: In other words, let me say this, without prejudicing his rights: He was charged with being convicted of two felonies by name, which was never denied. It was not denied, so we leave that to our human experience. What then? Now, if that's skirting around that's the best I can do.

MR. FOREMAN: Is that to be construed as proof?

BY THE COURT: Where it's not denied?

MR. FOREMAN: Yes.

BY THE COURT: Where it's uncontroverted or denied, as Mr. Hume, as Mr. Hume said, you will have to accept it, because there is no denial of it.

ANOTHER JUROR: Well, what does the judge say?

BY THE COURT: Well, that is the law.

SAME JUROR: You have to accept it if it's not denied?

BY THE COURT: It's a positive fact that is not denied. I can't go any further because I might prejudice–and I can't, I won't do it.

No objection or motion for a mistrial was made.

Since the date of this trial Kentucky has by statute provided for a bifurcated trial on a habitual criminal charge. But that clearly was not the situation at the time of this trial and this appeal must be judged under the standards of *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

The District Judge dismissed plaintiff's habeas petition largely on the authority of *Spencer v. Texas, supra.* There is no doubt that *Spencer* held constitutional the admission of prior felony convictions before the same jury which was trying him on a third felony conviction charge. It did so, however, while emphasizing that in the case concerned "the defendant's interests are protected by limiting instructions. . . ." *Spencer v. Texas, supra* at 561, 87 S.Ct. at 652. On the following page the court further stated, dealing with the claim of inherently prejudicial procedure:

> This type of prejudicial effect is acknowledged to inhere in criminal practice, but it is justified on the grounds that (1) the jury is expected to follow instructions in limiting this evidence to its proper function . . . . *Spencer v. Texas, supra* at 562, 87 S.Ct. at 653.

In this case the jury was allowed to hear testimony concerning the assertion that appellant had been convicted on felony charges twice before, without any limiting instruction being given by the court in direct relation to this testimony. Subsequently, when appellant himself was asked whether or not he had been convicted of a felony and responded that he had been arrested several times, the judge gave a charge which seemed to imply that he had admitted to felony convictions. Finally, when the jury exhibited some concern over the issue, the trial judge, as we see the matter, practically instructed them to find that where the clerk's testimony pertaining to the convictions "was never denied," "you will have to accept it because there is no denial of it."

No such facts were before the Supreme Court in *Spencer v. Texas.* Further, this court, in *Evans v. Cowan*, 506 F.2d 1248 (6th Cir. 1974), has made clear that the failure of a trial judge to give a limiting instruction (even where defendant's counsel failed to ask for such) created "the possibility of egregious unfairness . . . [and] constituted clear error" which could be reached in a subsequent habeas corpus proceeding. *Evans v. Cowan, supra* at 1249.

For the reasons set forth above, the judgment of the District Court is reversed and the case is remanded for the issuance of a writ in the customary form which allows the state to retry appellant within a reasonable period of time in lieu of releasing him outright.