Algar FERGUSON, Petitioner-Appellant,

v.

Judge James A. KNIGHT, and David L. Armstrong, Respondents-Appellees.

No. 85–5726.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 7, 1986.

Decided July 29, 1986.

Eldred E. Adams, Jr. (argued), Louise, Ky., for petitioner-appellant.

Joseph R. Johnson (argued), Office of the Atty. Gen., Frankfort, Ky., for respondents-appellees.

Before MERRITT, JONES and NELSON, Circuit Judges.

## ON PETITION FOR REHEARING

### PER CURIAM.

Petitioner Ferguson has sought rehearing on grounds that a majority of the panel do not find persuasive. The petition for rehearing will be granted, however, on the strength of *Dawson v. Cowan*, 531 F.2d 1374 (6th Cir.1976), a decision that was not called to our attention and that we did not have in mind when we affirmed the district court's denial of the petition for habeas corpus.

Like the case at bar, *Dawson* was a habeas corpus proceeding initiated by a Kentucky state court defendant who had been tried and convicted of a felony. There, as here, evidence of a prior conviction had been introduced under a Kentucky habitual-criminal statute. There, as here, the defendant's attorney had not asked the court to instruct the jury that evidence of the prior conviction could not be considered as proof that the defendant was guilty of breaking the law a second time.

Relying on *Evans v. Cowan*, 506 F.2d 1248 (6th Cir.1974) (habeas relief granted where defendant had objected to introduction of evidence of his prior convictions and had moved unsuccessfully for a bifurcated trial to prevent the jury's learning of them) and *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (habeas relief denied where jury had been given limiting instructions as to prior convictions), this court held in *Dawson* that the Kentucky trial court's failure to instruct the jury on the limited significance of the defendant's prior conviction constituted plain error of constitutional magnitude, requiring the granting of habeas relief even though the defendant had not requested a limiting instruction. The *Dawson* court thought (correctly, no doubt) that habeas relief would have been granted in *Evans* even if the defendant had not sought a bifurcated trial and had not objected to the introduction of evidence of his prior convictions, and also thought (possibly with less

reason for confidence) that habeas relief would have been deemed appropriate in *Spencer* but for the fact that limiting instructions had been requested and given.

Our original decision in this case cannot be reconciled with *Dawson*. Although as an original proposition two members of the present panel would have been inclined to affirm the denial of habeas relief there, and although we believe the question is one of exceptional importance, it is not the practice of three-judge panels to overrule prior decisions of this court in the absence of intervening decisions of an authoritative nature. If *Dawson* is to be overruled, it will have to be overruled by the court en banc.

Accordingly, without prejudice to the right of the respondents to seek rehearing en banc, we VACATE the decision filed herein on June 11, 1986, 792 F.2d 581, REVERSE the judgment of the district court denying the petition for a writ of habeas corpus, and REMAND the cause to the district court with instructions to grant the writ.