**Leon Davis NEWTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–CA–1931–MR.**

Court of Appeals of Kentucky.

Aug. 19, 1988.

Discretionary Review Denied by Supreme Court Dec. 7, 1988.

R. Christopher Goldsmith, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Margaret M. Connolly, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, COMBS and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the Fayette Circuit Court sentencing the appellant to twelve months in the county jail and fining him $500.00 on each of two misdemeanors for which the jury found him guilty. The appellant had been charged by indictment with the felony offense of first-degree burglary and with being a first-degree persistent felony offender, as well as the misdemeanor offenses of terroristic threatening and carrying a concealed deadly weapon. The jury found him guilty of carrying a concealed deadly weapon and of criminal trespass in the first degree, a lesser offense included within the burglary charge.

Over the objection of both the prosecution and the defense, the trial court bifurcated the trial of the misdemeanors as well as the burglary charge by instructing the jury to first determine only the appellant's guilt. Once the jury had returned a verdict of guilt on the two misdemeanor offenses, the court then conducted a hearing on the sentences to be imposed. The jury was permitted at this time to hear evidence of the appellant's two prior felony convictions and three prior misdemeanor convictions. At the conclusion of this hearing the jury fixed the appellant's sentences. The only question raised on appeal is whether the trial court erred in admitting evidence of the appellant's prior convictions at the "penalty phase" of the trial.

■ The trial court based its departure from customary procedure and rules of evidence in misdemeanor cases upon no statute or rule of procedure, but upon what it deemed to be its "inherent authority to bifurcate the proceeding." While we would agree that a trial court has a wide discretion with respect to the conduct of a trial, *see Veach v. Commonwealth*, Ky., 572 S.W.2d 417 (1978), we do not believe that discretion encompasses the action which was taken in this case.

RCr 9.84 requires that when a jury returns a verdict of guilty it shall fix therein the degree of the offense and the penalty. *See Holcomb v. Commonwealth*, Ky., 501 S.W.2d 264 (1973). This rule does not provide for a bifurcated procedure in which the jury fixes guilt and then, after hearing additional evidence, fixes punishment. The bifurcation of a criminal trial in such a way normally is permitted in this jurisdiction only in felony cases and by reason of statute. *See, e.g.,* KRS 532.080. The Supreme Court has permitted this procedure in felony cases out of a spirit of comity toward the General Assembly. *See Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987).

■ Even assuming that the rules of procedure would not absolutely prohibit a court sua sponte from adopting a bifurcated procedure in any criminal trial, once the defendant has been found guilty of only a misdemeanor, evidence of his prior criminal record or character would not then be admissible in a case such as we have here for the simple reason that the evidence would not be relevant. It has long been the policy in this jurisdiction that the punishment

in a misdemeanor case is "graded by the enormity of the offense." *Cornelison v. Commonwealth*, 84 Ky. 583, 2 S.W. 235, 238 (1886). The punishment inflicted "should be commensurate with the wrong done ... to the public." *Id.*, 2 S.W. 235, 241. Simply put, the general policy has been, and is, that in misdemeanor cases the punishment a jury sets is not to be based upon a defendant's character but the character of his offense; the punishment must fit the offense rather than the particular offender. There are sound reasons for changing this policy in some instances and, indeed, the General Assembly has done so with respect to recidivists and certain misdemeanor offenses. *See, e.g.,* KRS 189A.010. There are equally sound practical reasons for maintaining the policy with respect to most misdemeanor offenses. Considering the relatively less grave subject matter of misdemeanor offenses and the necessity of lengthening the trials of these offenses to permit introduction of evidence to enhance and to mitigate sentence, it would seem that another burden would be added to an already burdened system without satisfying any demonstrated punitive or correctional need. This burden, however, would be infinitesimal when compared to that which would be imposed upon the district courts by the inevitable collateral attacks upon prior misdemeanor convictions which would be spawned were the existing policy changed.

In any event, the trial court erred by permitting the jury to hear irrelevant and prejudicial evidence of the appellant's past felony and misdemeanor convictions. For that reason its judgment is reversed and this matter is remanded for a new trial.

All concur.