25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kenny K. HATFIELD, Petitioner-Appellant,
v.
Hon. Hunter DAUGHERTY and Hon. Chris Gorman, Respondents-Appellees.
 No. 93-6490.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1994.
 
 Before: BOGGS, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 I. Introduction
 
 1
 The question presented in this habeas corpus appeal is whether equal protection and due process require a bifurcated procedure for the guilt and penalty phases in cases where the defendant is charged with a subsequent offense for driving under the influence of intoxicants pursuant to Ky.Rev.Stat.Ann. Sec. 189A.010 (Michie/Bobbs-Merrill 1993). Petitioner Kenny K. Hatfield was charged with, and convicted of, a second violation of Ky.Rev.Stat.Ann. Sec. 189A.010 (Baldwin 1984). Acknowledging that the Due Process Clause of the Fourteenth Amendment does not require bifurcated proceedings, see Spencer v. Texas, 385 U.S. 554 (1967), reaffirmed, Marshall v. Lonberger, 459 U.S. 422, 438 n. 6 (1983), petitioner nonetheless maintains that bifurcation is constitutionally mandated here because Kentucky now affords such procedures to defendants in all drug cases. See Clay v. Commonwealth, 818 S.W.2d 264 (Ky.1991), cert. denied, 112 S.Ct. 1304 (1992). Because we conclude that petitioner has procedurally defaulted on his equal protection claim, and that his due process claim has been answered by Spencer, we AFFIRM.
 
 II. History of the Case
 A. Procedural Background
 
 2
 In April of 1991, petitioner Kenny K. Hatfield was arrested in Garrard County, Kentucky, and charged with a second offense in violation of Ky.Rev.Stat.Ann. Sec. 189A.010. Petitioner filed a pretrial motion to bifurcate as to the issues of guilt and penalty. The Garrard County District Court denied the motion on the basis of existing precedent. Petitioner then entered a conditional plea of guilty to a seven-day sentence, to be stayed pending appeal.[1] Petitioner appealed to the Garrard Circuit Court, which affirmed the district court. Both the Kentucky Court of Appeals and the Kentucky Supreme Court denied discretionary review. Upon exhaustion of his state court remedies, petitioner filed the instant petition for writ of habeas corpus. The district court denied relief, and granted a certificate of probable cause.
 
 B. Legal Background
 
 3
 Petitioner was charged under the following version of Ky.Rev.Stat.Ann. Sec. 189A.010:
 
 
 4
 (1) No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which may impair one's driving ability.
 
 
 5
 (2) Any person who violates the provisions of subsection (1) of this section shall:
 
 
 6
 (a) For the first offense, be fined not less than two hundred dollars ($200) nor more than five hundred dollars ($500) or be imprisoned in the county jail for not less than forty-eight (48) hours nor more than thirty (30) days or both....
 
 
 7
 (b) For the second offense within a five (5) year period, be fined not less than three hundred fifty dollars ($350) nor more than five hundred dollars ($500) and shall be imprisoned in the county jail for not less than seven (7) days nor more than six (6) months and, in addition to fine and imprisonment, may be sentenced to community labor for not less than ten (10) days nor more than six (6) months.
 
 
 8
 (c) For the third or subsequent offense within a five (5) year period, be fined not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000), and shall be imprisoned in the county jail for not less than thirty (30) days nor more than twelve (12) months and may, in addition to fine and imprisonment, be sentenced to community labor for not less than ten (10) days nor more than twelve (12) months.
 
 Ky.Rev.Stat.Ann. Sec. 189A (1984).[2]
 
 9
 The Kentucky Court of Appeals has interpreted this statute as permitting the introduction of evidence of prior similar convictions during the guilt phase of the underlying charge. Ratliff v. Commonwealth, 719 S.W.2d 445, 449 (Ky.Ct.App.1986). See also Asher v. Commonwealth, 763 S.W.2d 153 (Ky.Ct.App.1988) (following Ratliff ). Despite its "fundamental agreement" with the appellants as to the "substantial prejudice [which would] unavoidably result from the premature introduction of evidence of this nature," the Ratliff court held that decisions by the Kentucky Supreme Court indicated that in cases similar to the one before it, evidence of earlier convictions was admissible regardless of its prejudicial effect. Id. at 449. The Ratliff court specifically referred to Wahl v. Commonwealth, 490 S.W.2d 769 (Ky.1972), in which the Kentucky Supreme Court allowed the introduction of the appellant's five earlier convictions under the state's former Habitual Criminal Act, Ky.Rev.Stat.Ann. Sec. 431.190. The Ratliff court noted that Sec. 431.190, like Ky.Rev.Stat.Ann. Sec. 189A, also provided for enhanced sentences for repeat offenders, but did not mandate trial by means of a bifurcated proceeding. Ratliff, 719 S.W.2d at 449 n. 3.[3] The Ratliff court also pointed out that in Carver v. Commonwealth, 634 S.W.2d 418 (Ky.1982), the Supreme Court held that bifurcated trials in local option cases are not constitutionally mandated, but rather, as in persistent felony offender cases, are the product of statutory enactment. Thus, because Ky.Rev.Stat.Ann. Sec. 189A did not contain a requirement for a bifurcated trial, neither the constitution nor the statute would be violated by introduction of evidence of prior convictions before a determination of guilt on the underlying charge.
 
 
 10
 In 1987, the Kentucky Supreme Court decided Commonwealth v. Reneer, 734 S.W.2d 794 (Ky.1987), which signalled a shift in the court's thinking regarding legislative efforts to mandate bifurcation in criminal proceedings. In Reneer, the court held that because Ky.Rev.Stat.Ann. Sec. 532.055,[4] which requires that the jury deliberate separately on the issue of guilt and punishment, is an encroachment by the legislature on the rule making authority of the Kentucky Supreme Court, it violates the separation of powers doctrine found in Section 28 of the Kentucky Constitution. Reneer, 734 S.W.2d at 796. Notwithstanding, the court found that Sec. 532.055 could be accepted under the principles of comity because it did not interfere with the orderly functioning of the courts. Id. at 797.
 
 
 11
 Just prior to the date set for petitioner's trial, the Kentucky Supreme Court issued Clay, 818 S.W.2d 264. In Clay, the court ruled that in all drug cases in which a subsequent offense is charged, no reference shall be made to the prior offense until the sentencing phase of the trial, and that the trial shall be bifurcated in accordance with the Truth-In-Sentencing Act (Ky.Rev.Stat.Ann. Chapter 532). The court observed that Ky.Rev.Stat.Ann. Sec. 218A.990,[5] the provision for enhancing the penalty of subsequent offenders of drug-related offenses, is nothing more than a sentencing statute, and unlike the offense of possession of a handgun by a convicted felon, Ky.Rev.Stat.Ann. Sec. 527.040(1), which makes the proof of a prior conviction a necessary part of the guilt phase of the trial, the commission of the prior drug-related offense(s) is not an element necessary to determine guilt. The court also explicitly overruled its earlier decision in Smith v. Commonwealth, 707 S.W.2d 342 (Ky.1986), which held that the question of whether bifurcated jury trials are required in persistent felony cases is a matter for the legislature, and because there was no legislative requirement, bifurcation was not required in such cases. Id. at 343.
 
 C. Petitioner's Argument
 
 12
 Petitioner argues that the Clay case "has now set out a rule of procedure for subsequent-offense drug trials." Petitioner therefore suggests that because Ky.Rev.Stat.Ann. Sec. 189A.010(2) is nothing but a sentencing statute, applicable to persons convicted of driving under the influence as defined in Sec. 189A.010(1), which does not require proof of a prior offense as part of the primary charge, the ruling in Clay should be applied here. Petitioner also points out that in overruling Smith, the Kentucky Supreme Court unequivocally laid to rest the reasoning in Smith, as well as in Wahl and Carver, and therefore Ratliff, that the question of bifurcated jury trials is a matter of public policy to be addressed by the legislature and not the courts, as is further reflected by the court's decision in Reneer, 734 S.W.2d 794. Thus, even if Ratliff were rightly decided, subsequent developments in Kentucky jurisprudence warrant its overruling. Petitioner contends that the Commonwealth has offered no rational reason why DUI defendants should be denied a protection afforded to other drug offenders.
 
 
 13
 Petitioner also argues that his due process rights have been violated because, although not constitutionally required to do so, Kentucky has decided that bifurcation is necessary to protect defendants who are charged with subsequent offenses. Thus, it may not arbitrarily deny that same protection to DUI defendants without offending due process.
 
 II. Analysis
 A. Nature of Habeas Review
 
 14
 Federal courts have jurisdiction to entertain a state prisoner's petition for habeas relief solely on the grounds that the prisoner's confinement violates the Constitution, law, or treaties of the United States. 28 U.S.C. Sec. 2254(a) (1988); 28 U.S.C. Sec. 2241(c)(3) (1988); Wright v. West, 112 S.Ct. 2482, 2486 (1992); Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). In addition, a petitioner must "fairly present" the substance of each of his federal constitutional claims to the state courts before the federal courts will entertain them. 28 U.S.C. Sec. 2254(b), (c). Anderson v. Harless, 459 U.S. 4 (1982); Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir.1993) (citing Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991)), cert. denied, 113 S.Ct. 3001 (1993). If the petitioner has not raised his claims in the state courts, and is now procedurally barred from pursuing the claim in that court, the petitioner will not be allowed to present the claim in federal court unless he establishes cause to excuse the failure and actual prejudice to his defense at trial or on appeal. Id. (quoting Wainwright v. Sykes, 433 U.S. 72, 77-91 (1977)).[6] A petitioner has "fairly presented" his claim to the state courts "by citing a provision of the Constitution, federal decisions using a constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Id. (quoting Franklin v. Rose, 811 F.2d 322, 326 (6th Cir.1987)).
 
 
 15
 Our review of a district court's refusal to grant a habeas petition is de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3659 (U.S. Mar. 16, 1994) (No. 93-1500).
 
 B. Petitioner's Equal Protections Claim
 
 16
 Although petitioner invoked the Equal Protection Clause in his appeal to the Garrard County Circuit Court, he failed to raise it in his motions for discretionary review[7] with both the Kentucky Court of Appeals and the Kentucky Supreme Court.[8] Ordinarily, we would correct petitioner's failure to exhaust his state remedies by dismissing the petition without prejudice. Under Kentucky law, however, petitioner is now procedurally barred from raising this claim, see C.R. 76.20(2)(b),[9] and he has failed to establish "cause and prejudice" for the procedural default. We therefore need consider only petitioner's due process claim. See Silverburg v. Evitts, 993 F.2d 124, 127 (6th Cir.1993); Riggins, 935 F.2d at 792.[10]
 
 C. Petitioner's Due Process Claim
 
 17
 In determining whether a state rule of criminal procedure violates the Fourteenth Amendment Due Process Clause, the proper inquiry is whether it violates the "fundamental elements of fairness." Carwile v. Smith, 874 F.2d 382, 385 (6th Cir.) (quoting Spencer, 385 U.S. at 563-64), cert. denied, 493 U.S. 943 (1989). See also Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993) ("While it is true that habeas relief cannot be granted simply 'on the basis of a perceived error of state law,' ... when an error rises to the level of depriving the defendant of fundamental fairness in the trial process, the claim is remediable on a petition for habeas corpus relief."), cert. denied, 114 S.Ct. 1317 (1994); Olsen v. McFaul, 843 F.2d 918, 929 (6th Cir.1988) ("The violation of a state statute or rule of practice does not, by itself, constitute deprivation of a right guaranteed by the Constitution of the United States.") (citations omitted). Spencer, of course, has settled the question of whether bifurcated jury trials are constitutionally mandated.[11] The Spencer court recognized the prejudice inherent in permitting the introduction of prior crimes evidence during the guilt phase of the current offense, "but reasoned that a defendant's interest in avoiding such prejudice is outweighed by the state's interest in trying all the issues in a one-stage trial." Lonberger v. Jago, 635 F.2d 1189, 1192 (6th Cir.1980), reversed on other grounds, Marshall v. Lonberger, 459 U.S. 422 (1983); Murray v. Superintendent, Kentucky State Penitentiary, 651 F.2d 451, 453 (6th Cir.1981) (quoting Jago ). As observed in Newton v. Commonwealth, 760 S.W.2d 100, 102 (Ky.Ct.App.1988), the practice of drawing the line for bifurcation between misdemeanor and felony offenses is justified by the "relatively less grave subject matter of misdemeanor offenses" and is not outweighed by the burden that would be added to the district court in requiring bifurcated proceedings in all misdemeanor cases.[12] And we are ever mindful of the Supreme Court's admonition in Spencer that "a state rule of law 'does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at bar.' " Spencer, 385 U.S. at 564 (quoting Mr. Justice Cardozo in Snyder v. Commonwealth, 291 U.S. 97, 105 (1934) (other citations omitted)).
 
 
 18
 Whatever the merits of petitioner's arguments that Ratliff and Asher are no longer viable after the Kentucky Supreme Court's rulings in Clay and Reneer, those arguments are "beyond the pale" of this court's proper function because the current rule is not prohibited by the United States Constitution. Spencer, 385 U.S. at 569; Lonberger, 459 U.S. at 438 n. 6 ("Central to our decision [in Spencer ] was the fact that the Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules...."). See also McGuire, 112 S.Ct. at 480 (federal habeas court cannot correct errors of state law).
 
 
 19
 For all the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Petitioner's sentence is still in abeyance; therefore he is still in "custody."
 
 
 [2]
 The statute has since been amended. It now reads:
 Section 189A.010 Operating motor vehicle with alcohol concentration of or above 0.10 or while under the influence of alcohol or other substance which impairs driving ability prohibited--Presumptions--Penalties.
 (1) No person shall operate or be in physical control of a motor vehicle anywhere in this state:
 (a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;
 (b) While under the influence of alcohol;
 (c) While under the influence of any other substance or combination of substances which impairs one's driving ability; or
 (d) While under the combined influence of alcohol and any other substance which impairs one's driving ability.
 ....
 (4) Any person who violates the provisions of subsection (1) of this section shall:
 (a) For the first offense within a five (5) year period, be fined not less than two hundred dollars ($200) nor more than five hundred dollars ($500) or be imprisoned in the county jail for not less than forty-eight (48) hours nor more than thirty (30) days or both. Following sentencing, the defendant may apply to the judge for permission to enter a community labor program for not less than forty-eight (48) nor more than thirty (30) days in lieu of fine or imprisonment, or both.
 (b) For the second offense within a five (5) year period, be fined not less than three hundred fifty dollars ($350) nor more than five hundred dollars ($500) and shall be imprisoned in the county jail for not less than seven (7) days nor more than six (6) months and, in addition to fine and imprisonment, may be sentenced to community labor for not less than ten (10) days nor more than six (6) months.
 (c) For a third offense within a five (5) year period, be fined not less than five hundred dollars ($500) nor more than one thousand ($1,000) and shall be imprisoned in the county jail for not less than thirty (30) days nor more than twelve (12) months and may, in addition to fine and imprisonment, be sentenced to community labor for not less than ten (10) days nor more than twelve (12) months.
 (d) For a fourth or subsequent offense within a five (5) year period, be guilty of a Class D felony.
 Effective July 1, 1991.
 
 
 [3]
 The Ratliff court further noted that although the legislature has since revised the persistent felony offender statute to provide automatically for a bifurcated trial, Wahl was still applicable "in situations where the statute creating a particular offense such as KRS 189A, also provides for enhanced sentences for repeat offenders, but does not mandate trial by means of a bifurcated proceeding." Ratliff v. Commonwealth, 719 S.W.2d 445, 449 n. 3 (Ky.Ct.App.1986)
 
 
 [4]
 The Truth-in-Sentencing Act provides in relevant part:
 Section 532.055 Verdicts and sentencing by jury in felony cases.
 (1) In all felony cases, the jury in its initial verdict will make a determination of not guilty, guilty, guilty but mentally ill, or not guilty by virtue of insanity, and no more.
 (2) Upon return of a verdict of guilty or guilty but mentally ill against a defendant, the court shall conduct a sentencing hearing before the jury, if such case was tried before a jury. In the hearing the jury will determine the punishment to be imposed within the range provided elsewhere by law. The jury shall recommend whether the sentences shall be served concurrently or consecutively.
 Ky.Rev.Stat.Ann. Sec. 532.055 (Michie/Bobbs-Merrill 1993).
 Section 532.080 Persistent felony offender sentencing. (1) When a defendant is found to be a persistent felony offender, the jury, in lieu of the sentence of imprisonment assessed under KRS 532.060 for the crime of which such person presently stands convicted, shall fix a sentence of imprisonment as authorized by subsection (5) or (6) of this section. When a defendant is charged with being a persistent felony offender, the determination of whether or not he is such an offender and the punishment to be imposed pursuant to subsection (5) or (6) of this section shall be determined in a separate proceeding from that proceeding which resulted in his last conviction. Such proceeding shall be conducted before the court sitting with the jury that found the defendant guilty of his most recent offense unless the court for good cause discharges that jury and impanels a new jury for that purpose.
 Ky.Rev.Stat.Ann. Sec. 532.080 (Michie/Bobbs-Merrill 1993).
 
 
 [5]
 Ky.Rev.Stat.Ann. Sec. 218A.990 was repealed in 1992. Penalties for trafficking in controlled substances offenses are now found in the statute defining the crime itself, Ky.Rev.Stat.Ann. Sec. 218A.1412 (Baldwin 1992)
 
 
 [6]
 The cause and prejudice requirement may be excused in the extraordinary case "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." Murray v. Carrier, 477 U.S. 478, 496 (1986). That does not appear to be the case here
 
 
 [7]
 Under the Kentucky Rules of Criminal Procedure, which make applicable the civil rules governing appeals, see R.Cr. 12.02, a party may appeal a district court judgment to the circuit court. C.R. 72.02(1), (3). Motions for discretionary review of an appellate decision of the circuit court, or of a decision of the court of appeals by the supreme court are to be made in accordance with C.R. 76.20
 
 
 [8]
 Petitioner's motions to the Kentucky Court of Appeals and the Kentucky Supreme Court are virtually identical. The petitions contain only two references to the federal Constitution. The petitions state that "[i]t is fundamentally unfair for a jury to know about prior offenses before it decides the current charge," see Motion for Discretionary Review to Kentucky Court of Appeals at 5; Motion for Discretionary Review to Kentucky Supreme Court at 6; and a statement that "[s]tate and federal due process require" the Kentucky courts to follow Reneer and Clay. See Brief to Kentucky Court of Appeals at 6; Brief to Kentucky Supreme Court at 7
 
 
 [9]
 Ky.C.R. 76.20(2)(b) provides:
 A motion for discretionary review by the Supreme Court of a Court of Appeals decision shall be filed within 20 days after the date of the order or opinion sought to be reviewed unless (i) a timely petition under Rule 76.32 or (ii) a timely motion for reconsideration under Rule 76.38(2) has been filed or an extension of time has been granted for that purpose, in which event a motion for discretionary review shall be filed within 20 days after the date of the order denying the petition or motion for reconsideration or, if it was granted, within 20 days after the date of the opinion or order finally disposing of the case in the Court of Appeals.
 
 
 [10]
 In any event, petitioner's claim would fail under an equal protection analysis. The Equal Protection Clause of the Fourteenth Amendment directs that no state shall "deny to any person the equal protection of the laws." Because petitioner has no constitutional right to a bifurcated trial on the issues of guilt and penalty, Spencer v. Texas, 385 U.S. 554 (1967); Marshall v. Lonberger, 459 U.S. 422, 438 n. 6 (1983), and no suspect class is implicated, we analyze the statute merely to determine whether the classification drawn by the statute is rationally related to a legitimate state interest. Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). States are entitled to "liberal legislative license" in prescribing rules of practice and procedure relating to their police power. Salsburg v. Maryland, 346 U.S. 545, 549-50 (1954). Here the state has a legitimate interest in providing bifurcated trials for felonies only, given that the severity of punishment is significantly greater than that imposed for misdemeanors and thus warrants greater procedural protections
 
 
 [11]
 It should also be pointed out that a key aspect of Spencer was that the jury receive limiting instructions, directing that it is not to consider a defendant's prior criminal record as evidence of guilt as part of the predicate offense. See Spencer, 385 U.S. at 561-62; Murray v. Superintendent, Kentucky State Penitentiary, 651 F.2d 451, 453 (6th Cir.1981); Turnbill v. Bordenkircher, 634 F.2d 336, 337 (6th Cir.1980); Dawson v. Cowan, 531 F.2d 1374, 1376-77 (6th Cir.1976); Evans v. Cowan, 506 F.2d 1248, 1249 (6th Cir.1974). This court has granted habeas petitions when such an instruction has not been given. See, e.g., Ferguson v. Knight, 797 F.2d 289, 289-90 (6th Cir.1986) (per curiam); Dawson, 531 F.2d at 1377; Evans, 506 F.2d at 1250. Moreover, the Kentucky courts have urged trial courts to negate any potential harm with such an instruction. See Asher v. Commonwealth, 763 S.W.2d 153, 154 (Ky.Ct.App.1988); Ratliff, 719 S.W.2d at 449. The question of a limiting instruction is not of concern here, however, because of the petitioner's entry of a guilty plea prior to trial
 
 
 [12]
 Petitioner argues that (a) Clay does not distinguish between felony and misdemeanors, and (b) that the current DUI statute itself contains both misdemeanor and felony penalties. As for the first contention, petitioner reads Clay too narrowly. Clay specifically incorporates the provisions of Ky.Rev.Stat.Ann. Sec. 532.055 (the Truth-in-Sentencing Act), which applies only in felony cases. See Ky.Rev.Stat.Ann. Sec. 532.055(1). As for petitioner's second argument, petitioner overlooks the fact that once a defendant is charged with a felony DUI, fourth offense or greater, the matter is no longer within the jurisdiction of the district court, Ky.Rev.Stat.Ann. Sec. 24A.110(1) & (2); see also Jackson v. Commonwealth, 806 S.W.2d 643, 646 (Ky.1991); Collison v. Commonwealth, 1993 WL 370874 (Ky.Ct.App. Sept. 24, 1993) (No. 92-CA-001157-MR) (unpublished disposition), and because punishable as a felony, would be subject to Sec. 532.055