514 F.2d 1073
 UNITED STATES of America, Appellee,
v.
John Ralph BARCLIFT, Appellant.
UNITED STATES of America, Appellee,
v.
James Norman COOK, Appellant.
UNITED STATES of America, Appellee,
v.
Marlene A. KERZNER, Appellant.
UNITED STATES of America, Appellee,
v.
Michael Alan ZSIDO, Appellant.
 Nos. 74-2459, 74-3116, 74-2364 and 74-2460.
 United States Court of Appeals,
Ninth Circuit.
 March 12, 1975.
 
 Alan Fenster, Los Angeles, Cal., for Marlene A. Kerzner.
 Louis Rimbach, Los Angeles, Cal., for John Ralph Barclift.
 Donald B. Marks, Los Angeles, Cal., for Michael Alan Zsido.
 Bruce H. Blum, Los Angeles, Cal. (argued), for James Norman Cook.
 Michael T. Kenney, Asst. U. S. Atty. (argued), for appellee.
 Before GOODWIN, WALLACE and SNEED, Circuit Judges.
 PER CURIAM:
 
 
 1
 The four appellants were convicted of conspiracy to import with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and 963. Appellant Zsido was also convicted of possession of cocaine in violation of 21 U.S.C. § 841(a)(1).
 
 
 2
 The appellants contend that the government produced insufficient evidence to support the convictions and that the trial court prejudiced them by allowing the government's attorney to move, in the jury's presence, to dismiss the indictment of a codefendant.
 
 
 3
 Appellant Zsido also asserts that the cocaine seized from his automobile and other evidence should have been suppressed because the seizures violated his Fourth Amendment rights.
 
 
 4
 None of the points is well taken.
 
 
 5
 There was abundant evidence which, if believed by the trier of fact, would support the convictions.
 
 
 6
 The motion, in open court, to dismiss the case as to one defendant might well have been made and ruled upon in the absence of the jury, but the question of prejudice was addressed to the sound discretion of the court in a motion for a mistrial. No abuse of discretion has been demonstrated in the denial of the motion.
 
 
 7
 The seizure from Zsido of certain cocaine-bearing envelopes violated none of his rights. The envelopes entered the United States from Bogota, Colombia, by mail. At the port of entry, the envelopes were examined by customs officials pursuant to 19 C.F.R. § 145.2, and the contraband was detected. Thereafter, a lawful surveillance of the delivery of the mail ultimately led to Zsido, who was arrested with the incriminating goods in his possession.
 
 
 8
 The validity of § 145.2 appears to be a question of first impression in this circuit. No meaningful distinction, however, can be drawn between the entry of mail into the United States and the entry of automobiles or baggage. What this court earlier stated regarding the border search of a vehicle which yielded narcotics is equally applicable to a search by customs agents of incoming mail:
 
 
 9
 " * * * (A) border search of a vehicle is subject to a general test of reasonableness but may be made with or without cause or on 'unsupported' or 'mere' suspicion alone. (Citations omitted.) The mere entry alone into the United States from a foreign country is sufficient reason for a border search. (Citations omitted.)" Klein v. United States, 472 F.2d 847, 849 (9th Cir. 1973).
 
 
 10
 The district court correctly denied Zsido's motion to suppress the cocaine-bearing envelopes. Accord, United States v. Odland, 502 F.2d 148 (7th Cir. 1974). In sustaining the district court's ruling, we express no opinion on Zsido's standing to object to a border search of mail that has been addressed to another.
 
 
 11
 Zsido also urges that a search of his glove compartment violated the Fourth Amendment. Officer Diaz stopped Zsido's car some distance from the home of a confederate, from which Zsido had recently departed. He was later joined by Officer Horsfall, and the cocaine letters were seized. After this seizure, the search of the glove compartment revealed two bundles of cocaine. Zsido asserts that these bundles should have been suppressed.
 
 
 12
 Both Zsido and the government base arguments on Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Chimel authorizes police search of "the area into which an arrestee might reach in order to grab a weapon or evidentiary items," also phrased as "the area 'within his immediate control.' " 395 U.S. at 763, 89 S.Ct. at 2040.
 
 
 13
 At the time of this search, Zsido was standing outside the car, under arrest in the control of two police officers. However, we need not decide whether the glove compartment search was justified by Chimel or was factually within one of the automobile exceptions to the Fourth Amendment's search-warrant requirement.
 
 
 14
 The cocaine seized from the automobile was redundant. If there was a defect in its seizure, the error was harmless beyond a reasonable doubt. The remaining cocaine introduced into evidence against Zsido was lawfully obtained and by itself would have produced the "possession" conviction.
 
 
 15
 Zsido further argues that the district court erred in allowing a 1972 narcotics felony conviction (possession with intent to distribute) to come into evidence. Relying on United States v. Burkhart, 458 F.2d 201 (10th Cir. 1972), he asserts that the 1972 conviction was too remote in time and too dissimilar in nature to be properly admissible. We disagree.
 
 
 16
 The prior conviction was for an offense similar to that charged in the indictment in this case, and was entered less than one year before Zsido was arrested with the illicit letters in his possession. After the certified copy of the judgment of conviction was entered into evidence, the court and the United States Attorney advised the jury that the prior conviction was not to be considered as evidence of guilt, but only as evidence of knowledge or intent. The trial judge did not abuse his discretion in allowing the jury to consider the prior conviction for this limited purpose. See United States v. Clardy, 472 F.2d 578, 579-580 (9th Cir. 1973); Parker v. United States, 400 F.2d 248, 251-252 (9th Cir. 1968), cert. denied, 393 U.S. 1097, 89 S.Ct. 892, 21 L.Ed.2d 789 (1969).
 
 
 17
 Finally, Zsido complains that the district court improperly admitted his passport into evidence without holding a hearing on his motion to suppress.
 
 
 18
 Zsido's lawyer, Donald Marks, knew on the first day of the trial that the passport was on the government's exhibit list. The United States Attorney invited all defense counsel to examine potential government exhibits. Marks did not act upon the invitation, and failed to request a suppression hearing on the passport until the third day of the trial. The district court did not abuse its discretion in denying Marks' dilatory motion for the suppression hearing.
 
 
 19
 Affirmed.