**Algar FERGUSON, Petitioner-Appellant,**

v.

**Judge James A. KNIGHT, and David L. Armstrong, Respondents-Appellees.**

**No. 85–5726.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 18, 1986.

Decided Jan. 27, 1987.

Rehearing and Rehearing En Banc Denied March 11, 1987.

Joseph R. Johnson (argued), Office of the Atty. Gen., Frankfort, Ky., for respondents-appellees.

Eldred E. Adams, Jr. (argued), Louise, Ky., for petitioner-appellant.

Before MERRITT, JONES and NELSON, Circuit Judges.

PER CURIAM, ON APPELLEES' PETITION FOR REHEARING.

Twice convicted in state court on charges of trafficking in marijuana, petitioner Ferguson sought federal habeas corpus relief in respect of his second conviction. We initially affirmed the denial of habeas relief, as reported at 792 F.2d 581, holding that under the test applied in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), there was sufficient evidence for a rational jury to find the requisite intent to "traffic" in the marijuana discovered with Mr. Ferguson at the time of his arrest. We thought it significant, in this connection, that Mr. Ferguson had pleaded guilty to another trafficking charge only four months earlier.

Mr. Ferguson petitioned for rehearing, and in a decision reported at 797 F.2d 289 we vacated our initial decision and held that habeas relief should have been granted on the strength of *Dawson v. Cowan*, 531 F.2d 1374 (6th Cir.1976). (*Dawson* held that in a trial for rape it was plain error of constitutional magnitude for a Kentucky trial court to admit evidence of a prior rape conviction, under the state's habitual offender statute, without giving an appropriate limiting instruction. Notwithstanding the defendant's failure to request such an instruction at the time of trial, the error was held to require the granting of federal habeas relief.) Mr. Ferguson had made no similar argument in this case, had not cited *Dawson* to us, and—unlike the petitioner in *Dawson*, as we gather from the fact that there had been a state court appeal presenting the issue of ineffective assistance of counsel in that case—Mr. Ferguson had made no attempt to present a claim of instructional error to the state courts.

A petition for rehearing of our second decision has been filed by the appellees, and upon reconsideration we have concluded we were in error in thinking ourselves bound by *Dawson*. The judgment affirming the district court's denial of habeas relief will therefore be reinstated.

\*       \*       \*

The statute that authorizes federal courts to entertain applications for writs of habeas corpus in behalf of state prisoners whose incarceration is claimed to be in violation of the United States Constitution provides that no such application shall be granted

"... unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

In *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a case decided six years after *Dawson*, this statute was held to embody a "total exhaustion" rule. That rule requires dismissal of federal habeas petitions that assert multiple claims not all of which were previously presented in state court. "A rigorously enforced total exhaustion rule," the Supreme Court noted, would "encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518–19, 102 S.Ct. at 1203. To deny state courts that opportunity would be "unseemly," the Supreme Court suggested, given the doctrine of comity which obtains in our dual system of government. *Id.* at 518, 102 S.Ct. at 1203, quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950).

If Mr. Ferguson had claimed, in his petition for habeas corpus, that he was entitled to habeas relief because of the state trial court's failure to give an unrequested limiting instruction as to the earlier trafficking conviction, *Rose v. Lundy* would seem on its face to require dismissal of the petition, no such claim ever having been presented to the state courts. A claim cannot be "exhausted," strictly speaking, without its substance having been "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "The state courts *must* be provided with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon the petitioner's constitutional claim." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir.1986) (emphasis supplied). And as we pointed out in *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984), citing *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), "[a] claim is not 'fairly presented' merely because all of the facts necessary to support the federal claim were before the state court or because the constitutional claim seems self-evident."

The federal habeas statute also provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Turning this provision on its head, Mr. Ferguson might conceivably argue that he has "exhausted" the *Dawson* claim—even though that claim was never presented to the Kentucky courts—if Kentucky law now forecloses him from presenting the claim under the state's collateral attack procedures. See *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985), where we suggested that "no exhaustion problem" existed, as to an issue not presented to the Ohio courts, because the habeas petitioner's failure to raise that issue on direct appeal had foreclosed him, under Ohio law, from litigating the issue in collateral state court proceedings.

Kentucky, like Ohio, makes provision for collateral attacks on criminal convictions (see Kentucky Rules of Criminal Procedure (hereinafter cited as "RCr") 11.42 and Kentucky Revised Statutes § 419.020), but it is not entirely clear to us whether the Kentucky courts would entertain a collateral attack on Mr. Ferguson's conviction based on the trial court's failure to give an unrequested jury instruction. On the one hand, RCr 9.54(2) says that:

"No party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately

presented his position by an offered instruction or by motion...."

On the other hand, RCr 10.26 says that:

"A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

In *Bell v. Commonwealth,* 566 S.W.2d 785 (Ky.App.1978), a Kentucky Court of Appeals applied the former provision in a direct appeal situation where the appellant explicitly relied on *Dawson v. Cowan,* 531 F.2d 1374, *supra.* It was the appellant's contention on appeal in *Bell* that the Kentucky trial court had committed error of constitutional magnitude in failing to give an unrequested limiting instruction on the significance of a prior misdemeanor conviction of which the jury had been informed for enhancement-of-penalty purposes. Flatly refusing to apply *Dawson v. Cowan,* which arguably had roots in the Kentucky law as it existed prior to adoption of subsection (2) of RCr 9.54, the Kentucky court stated:

"The present law in Kentucky requires the parties to make an objection, or otherwise that objection is waived. We do not find the alleged error to be so clear, prejudicial or reversible that it could not be waived under all of the circumstances in this misdemeanor conviction." 566 S.W.2d at 788.

The case at bar involves a felony conviction, to be sure, and not a misdemeanor conviction, but the tone of *Bell* hardly suggests that the Kentucky courts would be likely to entertain a *Dawson* claim presented by Mr. Ferguson. The fact that such a claim would now have to be advanced in a collateral proceeding, as opposed to a direct appeal, makes the prospects for its acceptance even dimmer. We cannot be certain of how the Kentucky courts would react to a *Dawson*-based collateral attack on Mr. Ferguson's conviction, however, unless and until such an attack is actually made in the Kentucky courts.

■ As far as our disposition of the matter before us is concerned, we think it is immaterial whether Kentucky law would or would not treat Mr. Ferguson's failure to request a limiting instruction as an insurmountable procedural bar to state court relief. If no such procedural bar exists, Mr. Ferguson must be denied federal habeas relief because of his failure to exhaust his state remedy. If the procedural bar does exist, he must be denied habeas relief because of his manifest inability to meet the "cause and prejudice" test applied by the United States Supreme Court in cases such as *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), *Murray v. Carrier,* 477 U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), and *Smith v. Murray,* 477 U.S. ——, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

Except in the extraordinary case "where a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier, supra,* 477 U.S. at ——, 106 S.Ct. at 2650, 91 L.Ed.2d at 413, these post-*Dawson* Supreme Court decisions teach that a federal habeas court may not set aside a conviction that is the product of "plain error," regardless of whether such error be of constitutional dimension, where no relief is available in state courts because of a procedural bar and where the petitioner is unable to demonstrate adequate "cause" for his failure to meet the procedural requirement. We applied this doctrine in *Hockenbury v. Sowders,* 620 F.2d 111 (6th Cir.1980), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981), where, notwithstanding Kentucky's contemporaneous objection requirement, a habeas petitioner convicted in a Kentucky trial court had failed to object to a final argument that allegedly violated the constitutional norm established in *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

As to the "cause" of Mr. Ferguson's failure to request a limiting instruction set-

ting forth the purposes for which the evidence of his earlier trafficking conviction could be considered, Mr. Ferguson was obviously free to request such an instruction, and there is no reason to suppose that the Kentucky trial court would not have given it had he done so. See *Marshall v. Commonwealth,* 482 S.W.2d 765 (Ky.1972). Mr. Ferguson not having made the request, and not having suggested any legally cognizable cause therefor, we cannot say that his conviction was unconstitutional merely because the Kentucky trial court did not visit upon him an instruction he had not asked for and might not have wanted.

If Mr. Ferguson's counsel (whose competence is not in question) consciously decided not to request a limiting instruction, his decision may have been perfectly sound from a tactical standpoint. Such instructions inevitably invite the jury's attention to matters the defendant normally prefers not to emphasize, and it is by no means a foregone conclusion that a limiting instruction in this case would simply have told the jury to ignore the original conviction except in connection with any consideration of an enhanced penalty for a second offense. Evidence of the commission of other crimes is not admissible, under Kentucky practice, to prove that the accused is a person of criminal disposition, but it may be admissible to prove, among other things, "intent." Lawson, Kentucky Evidence Law Handbook, § 2.20. The federal rule is similar (see Rule 404, Fed.R.Evid.), and in federal drug cases it has been held repeatedly that intent to distribute may be shown by proof of prior convictions for selling or distributing illicit drugs. *United States v. King,* 768 F.2d 586, 588 (4th Cir.1985); *United States v. Barclift,* 514 F.2d 1073, 1075 (9th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 63 (1975). Mr. Ferguson (who received the minimum sentence that the jury could have imposed for a second marijuana trafficking offense) may have been well advised not to encourage the trial court to tell the jury it could take the original conviction into account in determining whether Mr. Ferguson possessed the requisite intent to distribute the marijuana

that was with him in the back seat of his friend's car on the night of the arrest for the offense with which we are concerned here. It would be ironic, to say the least, if a tactical decision taken to minimize the defendant's risk of a punitive verdict could be used by the defendant to secure a new trial if the verdict proves to be anything other than "not guilty."

Mr. Ferguson suggests that the "cause and prejudice" test is inapplicable here because of *Merlo v. Bolden,* 801 F.2d 252, 255 (6th Cir.1986). We declared in that case that "[t]he state, by failing [in the state appellate courts] to assert procedural default, waived the right to assert it as an independent ground to support [petitioner's] conviction." Mr. Ferguson contends, in effect, that because he himself failed to assert a *Dawson* claim in the state appellate courts, the state somehow waived the right to distinguish *Dawson,* on the basis of the "cause and prejudice" doctrine, when this court tried to resurrect *Dawson* in the case at bar.

The weakness of the argument is apparent on its face: nothing in *Merlo v. Bolden* suggests that inaction by the *defendant* can somehow constitute a waiver by the *prosecutor.* We find nothing to the contrary in *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the other case cited by Mr. Ferguson in this connection, and we note that in two of the three criminal cases considered together in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the instructional error complained of in the federal habeas proceedings had never been complained of in the state appellate courts. This did not prevent the United States Supreme Court from applying the "cause and prejudice" test in *Engle.*

If, notwithstanding *Bell v. Commonwealth,* 566 S.W.2d 785, *supra,* and RCr 9.54, we should somehow decide that Kentucky has no clearly established contemporaneous objection policy, as the State of New York did not in the situation considered in *Ulster County Court v. Allen,* 442 U.S. 140, 150, 99 S.Ct. 2213, 2221, *su-*

*pra,* the absence of such a policy would simply mean, as we have said, that Mr. Ferguson had a remedy which he failed to exhaust in the Kentucky courts. To excuse Mr. Ferguson's failure to request a limiting instruction from the state trial court without a showing of "cause" under the test of *Wainwright v. Sykes* and *Engle v. Isaac,* while at the same time excusing him from exhausting all avenues of relief available in the state courts, would do unacceptable violence to the principle of comity that *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, *supra,* instructs us to respect.

It is true, to be sure, that Mr. Ferguson's habeas petition was not the kind of "mixed petition" involved in *Rose v. Lundy,* where the petitioner sought to raise multiple issues not all of which had been presented in the state courts. We raised the *Dawson* issue here on our own motion, it will be recalled, and one simply reading the language of the habeas petition filed by Mr. Ferguson would not find it tainted by the presence of an unexhausted constitutional claim. Surely, however, the mere fact that we chose to raise the *Dawson* issue ourselves cannot make it "seemly" for us "to upset a state court conviction without an opportunity to the state courts to correct a [putative] constitutional violation." *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 as quoted in *Rose v. Lundy,* 455 U.S. at 518, 102 S.Ct. at 1203. *Rose v. Lundy* does not teach that we are free to upset state court convictions on grounds we discover ourselves, where we would be foreclosed from doing so if the grounds in question happened to be pointed out to us by the habeas petitioner.

We do not read *Butler v. Rose,* 686 F.2d 1163, 1167 (6th Cir.1982), as suggesting that *Rose v. Lundy* is inapplicable here. *Butler* was a case where a federal district court, in granting habeas relief, had relied in part on issues that it raised *sua sponte,* rather than confining itself exclusively to the claims made by the petitioner. Among the petitioner's claims—accepted, it should be emphasized, by the district court—was a right-to-remain-silent issue that the petitioner himself had raised at every stage of the state proceedings. We said in *Butler* that the petitioner "should not be required to suffer dismissal because the district court 'added frosting to the cake,'" *id.* at 1167, and that is clearly correct. In the case at bar, however, our decision to direct that habeas relief be granted *solely* on the basis of an issue never raised by the petitioner cannot fairly be characterized as mere "frosting;" we were obviously giving Mr. Ferguson the cake and the candles too, and we obviously should not have done that if the policy embodied in *Rose v. Lundy* has any meaning at all.

■ In view of the somewhat unusual course taken by this case, we have thought it not inappropriate to revisit our original conclusion that a rational jury could have found Mr. Ferguson guilty. Having done so, we remain convinced that our conclusion was correct. The critical issue in this case was what Mr. Ferguson intended to do with the marijuana. (No similar issue seems to have been presented in *Dawson v. Cowan,* a rape case.) In light of Mr. Ferguson's earlier trafficking conviction, as well as the other indicia that Mr. Ferguson was not merely an end user of the substance, we think it was within the realm of reason for the jury to conclude that the marijuana was intended for sale. The rationality of the jury's verdict is a question of federal constitutional law, and whatever the state evidentiary rule may be, federal case law establishes that evidence of a prior trafficking conviction may properly be considered, in a subsequent prosecution for a similar offense, as evidence of intent. In addition to *United States v. King,* 768 F.2d 586 (4th Cir.1985) and *United States v. Barclift,* 514 F.2d 1073 (9th Cir.1975), both cited above, see *United States v. Elkins,* 732 F.2d 1280, 1286 (6th Cir.1984) ("we [have] sanctioned the use of evidence of prior substantially similar acts, near in time to the offense charged, tending to show a consistent pattern of conduct and establishing intent"). We are satisfied that it would have been rational for the jury to rely on the prior trafficking conviction as evidence of intent in this case, and we are

not persuaded that having done so, the jury convicted one who was probably innocent.

Accordingly, we VACATE our decision of July 29, 1986, and REINSTATE our decision of June 11, 1986, AFFIRMING the district court's denial of the petition for a writ of habeas corpus.

NATHANIEL R. JONES, Circuit Judge, dissenting.

The embarrassed history of this case on appeal stems from the original majority's decision to rely on a fact that was not presented to the state appellate court as relevant to the defendant's sufficiency of the evidence argument. To wit: by *sua sponte* relying on Mr. Ferguson's prior trafficking conviction to prove his present guilt, this court created constitutional problems that had not arisen in the courts below. This is why federal courts normally refrain from deciding habeas issues on the basis of facts not presented to the state courts. *Sampson v. Love,* 782 F.2d 53 (6th Cir.1986).

The history of Mr. Ferguson's sufficiency of the evidence argument is as follows. At trial Mr. Ferguson's counsel made a motion for a directed verdict based upon the insufficiency of the evidence. The trial court overruled the motion without discussion. When Mr. Ferguson appealed his conviction in state court on the ground that there was insufficient evidence to sustain his conviction, he did not include as evidence of his present guilt the prior trafficking conviction. The prosecution *also* ignored defendant's prior conviction in the course of its argument on appeal that the evidence *was* sufficient. The prosecution's failure to rely on the prior conviction as evidence of defendant's guilt was consistent with its apparent belief that the prior conviction was admitted only for the purpose of the Kentucky recidivism statute. The prosecution explained to the jury during voir dire: "[Y]ou heard the Court read the record of an earlier conviction, and the reason its [sic] in circuit court is that this is the second charge for trafficking in marijuana, so that would be—the statutes are written so that this carries a felony penal-

ty." Tr. 8. Accordingly, in its opening statement the prosecution pointed to defendant's proximity to the marijuana and the amount of marijuana as evidence of his intent to sell the marijuana, but noted only that the prior conviction was "necessary to bring the kind of penalty that we are seeking here today." Tr. 17. In light of this, it is not surprising that the state appellate court *ignored* the prior conviction in its review of the evidence supporting the present conviction. The state court only noted:

> The evidence showed there were 3 plastic bags of marijuana in the back seat of the car where appellant had been seated. This evidence is sufficient to submit to the jury on a charge of trafficking....

After the defendant was denied further review in the state courts, he filed a petition for habeas corpus relief in the federal district court. Once again, neither petitioner *nor* the state argued in the federal briefs that the prior conviction had any bearing whatsoever on the sufficiency of the evidence issue. The state merely pointed out petitioner's proximity to the marijuana, petitioner's dilated eyes, and the amount of the marijuana in the bag. Although the magistrate's report and recommendation nevertheless listed the prior conviction as support for the current conviction, petitioner's objections to the report stated that the prior conviction was admitted only to enhance the penalty, and the district court's order did *not* list the prior conviction among the evidence supporting a conviction.

After the district court denied his petition, Mr. Ferguson appealed his sufficiency of the evidence claim to this court. Again, the state's brief made no mention of the prior conviction in support of its argument for sustaining the conviction. Nor do I believe that any such arguments were made at oral argument. Nevertheless, a majority of the panel upheld the conviction based upon its decision to consider the prior conviction as evidence of guilt despite the fact that the parties and the state court had not considered the prior conviction in the context of the sufficiency of the evidence issue.

This *sua sponte* consideration of facts not relied upon by the parties in state court runs *contra* to this court's concern for comity in *Sampson*, 782 F.2d 53. In *Sampson*, we held that when a petition for habeas relief relies on evidence not presented to the state courts, and that evidence would place the claim in a significantly different light, petitioner must go back to state court to exhaust his claim. In the case at hand, not petitioner but this court has chosen to rely on a fact neither presented to the state appellate court nor considered by that court in its decision of the sufficiency of the evidence issue. The remedy for the exhaustion problem thus created is not to dismiss the claim as unexhausted, but to restrict this court's analysis to the facts and issues presented by the parties and addressed by the state court. It would be nonsensical for this court to dismiss as unexhausted all claims for which we could *sua sponte* dig up arguably relevant facts that were neither presented to nor considered by the state courts.[1]

To reiterate, before the federal appellate court's analysis of this case, the prior conviction had not been viewed as evidence of guilt. Mr. Ferguson had no reason to object to the admission of evidence which he believed to have been admitted only for the purpose of enhancing his penalty. Only when this court made the assumption that the jury used the evidence in order to find Mr. Ferguson guilty did the *Dawson v. Cowan*, 531 F.2d 1374 (6th Cir.1976), issue arise.

To justify its decision to rely on the prior conviction as evidence of Mr. Ferguson's guilt, the majority points out that evidence of a prior conviction can sometimes be admitted to prove intent. While this rule of evidence is certainly indisputable, in the case before us no foundation was laid nor did the prosecution argue that the prior conviction demonstrated Mr. Ferguson's intent to sell the drugs. Reading the entire transcript of the trial, it is manifest that the prosecution introduced the prior conviction to enhance the penalty if Mr. Ferguson was convicted.

Although in the closing argument the prosecution did intersperse the fact of defendant's prior conviction more than was proper, the prosecution's opening statement, the limited testimony on the prior conviction, the prosecution's consistent reliance then and now on the physical evidence of guilt, and the trial court's jury instructions, all indicate that the parties and trial court assumed that the prior conviction was admitted only for enhancement purposes. It is inappropriate for us to assume that the jury somehow knew the rules of evidence and so went ahead and also used the prior conviction to demonstrate intent and *only* intent. The only indication to the jury of the appropriate use of the prior conviction was that the prior conviction was relevant to the enhancement of the penalty. Other than that, the jury had no way of knowing how it could appropriately use the prior conviction, for neither the parties nor the judge indicated to the jury the legitimate uses of a prior conviction other than to enhance a penalty.

Altogether, this court has created the exhaustion and procedural problems discussed in the present majority opinion by improperly considering evidence that was not presented to the state appellate court as relevant to the conviction. Moreover, this court has improperly assumed that the evidence was indeed relevant to the conviction, despite the prosecution's failure to argue and the state court's failure to find that such evidence had any legitimate bearing on guilt. The obvious solution is for

---

1. See Justice O'Connors' discussion in *Engle v. Isaac*, 456 U.S. 107, 124 n. 25, 102 S.Ct. 1558, 1570 n. 25, 71 L.Ed.2d 783 (1982), pointing out that:

A creative appellate judge could almost always distill from these allegations an unexhausted due process claim. If such a claim were present, *Rose v. Lundy*, 455 U.S. 509 [102 S.Ct. 1198, 71 L.Ed.2d 379] (1982), would mandate dismissal of the entire petition. In this case, however, the District Judge did not identify the claim that JUSTICE BRENNAN proffers. Under these circumstances, we are reluctant to interpolate an unexhausted claim not directly presented by the petition. *Rose v. Lundy* does not compel such harsh treatment of habeas petitions.

this court to consider only the evidence cited in the parties' briefs and the state court's opinion in order to evaluate the sufficiency of the evidence. As the original majority opinion stated,

Without proof of the prior trafficking conviction, the conclusion that Ferguson intended to sell any of the relatively small quantity of marijuana found with him on the back seat of the car would have been strained.

*Ferguson v. Knight,* 792 F.2d 581, 583 (6th Cir.1986). I cannot in good conscience or consistent with my oath, agree to affirm the judgment below. Justice is being mocked here. Accordingly, I would grant Mr. Ferguson's petition for a writ of habeas corpus.