833 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David W. ALLEN, Petitioner-Appellant,
v.
Denise QUARLES, Respondent-Appellee.
 No. 87-1174.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1987.
 
 Before ENGEL, MERRITT and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 On March 24, 1981, the petitioner was convicted by a jury of first-degree murder in Saginaw County Circuit Court, Michigan. He directly appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, both of which affirmed the conviction. After unsuccessfully petitioning the Michigan Supreme Court for a rehearing, the petitioner filed in district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court dismissed the petition based on Rose v. Lundy, 455 U.S. 509 (1982). The court concluded that petitioner had failed to exhaust his claim that he was denied his rights of due process and confrontation due to the trial court's error in admitting evidence of the related prior conviction of a codefendant.
 
 
 3
 We disagree with the district court's conclusion concerning petitioner's failure to exhaust state remedies.
 
 
 4
 Petitioner has totally exhausted his available state court remedies. The total exhaustion rule of 28 U.S.C. Sec. 2254(b) is met when the petitioner fairly presents the substance of his federal claim to the state courts. Franklin v. Rose, 811 F.2d 322, 324-25 (6th Cir.1987); Ferguson v. Knight, 809 F.2d 1239, 1241 (6th Cir.1987). Once the substance of the federal claim has been fairly presented, a failure of the state court to address the issue will not preclude a finding of exhaustion. Harris v. Rees, 794 F.2d 1168, 1173 (6th Cir.1986). Furthermore, once the petitioner has so presented his federal claim to the state's highest court, the rule of total exhaustion does not require him to make repetitive presentations to that court. Elmore v. Foltz, 768 F.2d 773, 776 (6th Cir.1985).
 
 
 5
 The petitioner in the present appeal fairly presented the substance of his due process and confrontation arguments to the Michigan Supreme Court. The statement of issues and the argument sections of his brief before the Michigan Supreme Court expressly refer to these issues in the context of a federal constitutional challenge. Although the appellate court apparently chose to decide the asserted claims under state law, petitioner did comply with the exhaustion requirement by fairly presenting his claim in a federal constitutional context. Harris v. Rees, 794 F.2d at 1173.
 
 
 6
 Accordingly, we vacate the judgment of the district court entered on October 29, 1986, and remand the case pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, for consideration of petitioner's claims.