869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence CURRY, Petitioner-Appellant,
v.
PEOPLE OF the STATE OF MICHIGAN and the Michigan Department
of Corrections, Respondents-Appellees.
 No. 88-2046.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1989.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and EUGENE E. SILER, Jr., Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed.
 
 
 3
 Petitioner filed this action for habeas corpus relief under 28 U.S.C. Sec. 2254 following his jury conviction of forgery. His direct appeals were unsuccessful in the Michigan state courts and the district court dismissed his habeas corpus petition. Petitioner appeals the district court's judgment and moves for the appointment of counsel.
 
 
 4
 Upon consideration, we affirm the district court's dismissal of the petition. Curry attacks his conviction based on the prosecutor's alleged failure to comply with a discovery order and based on an evidentiary ruling. In Curry's discovery motion, he sought all of the police reports involved in his case. The government withheld the first page of one police report which contained information given by a bank security officer until the second day of trial. Because any testimony concerning this information would have been inadmissible hearsay, because the Michigan Court of Appeals found that the discovery order was not violated and because petitioner has not shown that the evidentiary ruling rendered the trial fundamentally unfair, the district court properly concluded that this claim is without merit. Sumner v. Mata, 455 U.S. 591, 597 (1982). Logan v. Marshall, 680 F.2d 1121, 1123 (6th Cir.1982).
 
 
 5
 With respect to Curry's claim that his photograph should not have been admitted into evidence, the Michigan Court of Appeals determined that since Curry failed to object at trial to the admission of the photographs on the specific basis that he raised on appeal, it could not consider the issue because the bases for objecting differed and because, in any event, no manifest injustice had occurred. Since Curry's procedural default served as a substantial basis for the state court's decision to affirm Curry's conviction, and since Curry failed to show cause and prejudice to excuse the default, see Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987); Ewing v. McMackin, 799 F.2d 1143, 1152 (6th Cir.1986), the district court properly concluded that Curry cannot raise this claim in a habeas corpus petition.
 
 
 6
 Accordingly, petitioner's two motions for counsel are denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation