875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis Lee MAYES, Petitioner-Appellant,
v.
Al C. PARKE; Attorney General of Kentucky, Respondents-Appellees.
 No. 88-6117.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1989.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and BENJAMIN F. GIBSON, District Judge.*
 
 ORDER
 
 2
 Curtis Mayes, a Kentucky prisoner proceeding pro se, appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mayes sought habeas relief claiming essentially that he was subjected to double jeopardy and multiple prosecutions for the same offense, the trial court's jury instructions were erroneous, the state reneged on its promise not to prosecute him, and his counsel rendered ineffective assistance. The district court dismissed the petition for lack of exhaustion concluding that it was a mixed petition with exhausted and unexhausted claims. On appeal, Mayes continues to argue that his claims are exhausted.
 
 
 4
 Upon consideration we must vacate the district court's judgment and remand the cause for further consideration. Mayes does not have a state court remedy available to pursue as he has already filed three RCr. 11.42 motions challenging his conviction and Ky.RCr. 11.42(3) prohibits the filing of successive motions under the rule. See Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 108 S.Ct. 1279 (1988). Hence, on remand the district court should address the exhausted claims and determine if federal review is warranted on the remaining claims based on Mayes' demonstration of cause and prejudice to excuse his failure to present the claims to the state courts. See Teague v. Lane, 109 S.Ct. 1060, 1068 (1989); Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987) (per curiam); Ewing v. McMackin, 799 F.2d 1143, 1148-50 (6th Cir.1986); Leroy v. Marshall, 757 F.2d 94, 97-99 (6th Cir.), cert. denied, 474 U.S. 831 (1985).
 
 
 5
 Accordingly, the judgment of the district court is hereby vacated and the cause is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation