875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Murray L. HOLLAMAN, Petitioner-Appellant,
v.
Thomas J. STICKRATH, Supt., Respondent-Appellee.
 No. 88-3991.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1989.
 
 1
 Before MILBURN and BOGGS, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 Murray Hollaman, a pro se Ohio state prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1976, Hollaman was convicted by a jury of aggravated murder and sentenced to life imprisonment. His conviction was affirmed by the Ohio Court of Appeals, and the Ohio Supreme Court denied discretionary review. Since his conviction, Hollaman has filed eight petitions for post conviction relief. In this habeas petition, Hollaman argued: 1) he received ineffective assistance of counsel because a) counsel failed to pursue proper discovery; b) counsel failed to locate and interview vital witnesses; and c) counsel failed to consult with him prior to withdrawing his alibi defense; and, 2) the police obtained an incriminating oral statement from him prior to his being advised of his Miranda v. Arizona, 384 U.S. 436 (1966) rights. The three ineffective assistance of counsel claims were presented to the Ohio courts via a petition for post-conviction relief. The Miranda issue however was never presented to the Ohio courts. The district court utilized a cause and prejudice analysis and denied the petition. The court found that Hollaman waived his claims because he had not first presented them at trial or on direct appeal. Alternatively, the district court addressed the merits of the ineffective assistance of counsel claims and found they did not warrant relief.
 
 
 4
 Upon review, we affirm the district court's judgment. In order to state a claim for ineffective assistance of counsel, Hollaman must show that counsel rendered deficient performance and that counsel's errors prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Hollaman's ineffective assistance of counsel claims do not warrant habeas relief.
 
 
 5
 First, Hollaman argued that counsel failed to pursue proper discovery by not filing an additional discovery motion to inspect written summaries of his oral incriminating statements; by not challenging photos used in his pre-trial identification; and by not discovering an exculpatory description given to police describing the assailant as being shorter than Hollaman. Counsel's performance was not deficient regarding the discovery issues. Counsel filed a discovery motion requesting any statements made by petitioner. Counsel also filed a motion to suppress a witness' pre-trial identification of Hollaman from a mug shot. Finally, counsel did discover the alleged exculpatory description of the assailant as this evidence was brought out at trial through the cross-examination of Detective Bankhead.
 
 
 6
 We also conclude that Hollaman has suffered no prejudice from counsel's failure to locate alleged vital witnesses as the omitted testimony would merely have been cumulative of that presented by other defense witnesses. Further, counsel was not ineffective for not consulting with Hollaman prior to withdrawing the alibi defense as the record indicates that the supposed alibi witness refused to appear and testify at trial. As such, counsel simply made a tactical decision not to force a reluctant witness to take the stand.
 
 
 7
 Finally, Hollaman argued that his Miranda rights were violated when he made an incriminating statement to police without first being advised of his right to an attorney. Hollaman never presented this particular claim to the Ohio courts, and he is now barred from doing so under the doctrine of res judicata. See Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979). Consequently, a federal habeas court may address the claim only if Hollaman establishes cause and prejudice to excuse his failure to first present the claim to the Ohio courts. See Teague v. Lane, 109 S.Ct. 1060, 1068-69 (1989); Engle v. Isaac, 456 U.S. 107, 129 (1982); Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987).
 
 
 8
 We have reviewed the reasons given by Hollaman to excuse his failure to present the Miranda issue to the Ohio courts and conclude that none of the grounds asserted are sufficient to constitute cause to excuse his procedural default. Moreover, Hollaman suffered no prejudice from the introduction of his statement as his responses to police inquiries were either exculpatory or duplicative of other trial testimony.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation