876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie SIMPSON, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 88-6076.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Willie Simpson, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Simpson claimed that his burglary, theft and persisitent felony offender convictions were obtained in violation of due process because: (1) he was subjected to double jeopardy; (2) the convictions are unsupported by sufficient evidence; and, (3) the trial court erroneously instructed the jury. The district court dismissed the action for Simpson's failure to exhaust his state court remedies.
 
 
 3
 Upon consideration, we conclude that the district court's judgment must be vacated and the cause remanded for further consideration. Before seeking habeas relief under Sec. 2254, a state prisoner must exhaust his state court remedies by presenting all of his federal habeas claims to all levels of the state courts under the same theories as relied upon in the federal habeas petition. See Pillette v. Foltz, 824 F.2d 494, 497-98 (6th Cir.1987); Franklin v. Rose, 811 F.2d 322, 325 (6th Cir.1987). It is unclear in this case whether Simpson's claims are exhausted. The district court dismissed the petition due to lack of exhaustion noting that Simpson's Ky.RCr. 11.42 motion was pending. However, the court failed to note that the claim asserted in that motion is not a claim asserted in this action for habeas relief, and that all of the claims Simpson asserted in this action were also asserted by him on direct appeal of his conviction to the Kentucky Supreme Court. While it cannot be determined whether the claims are based on the same theories as presented to the state courts on direct appeal, it is clear that Simpson does not have an available state remedy to pursue in regard to the claims asserted in this action. He has already filed a Ky.RCr. 11.42 motion challenging his conviction and successive motions filed under the rule are prohibited under Ky.RCr. 11.42(3). See Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 108 S.Ct. 1279 (1988).
 
 
 4
 On remand the district court should determine whether Simpson presented to the state courts the constitutional challenge he now raises in his federal claims. If he did not, the court should proceed to determine whether federal review of the claims is warranted based on Simpson's demonstration of cause and prejudice for his failure to fairly present the claims to the state courts. See Teague v. Lane, 109 S.Ct. 1060, 1068 (1989); Fergerson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987); Ewing v. McMackin, 799 F.2d 1143, 1148-50 (6th Cir.1986); Leroy v. Marshall, 757 F.2d 94, 97-99 (6th Cir.), cert. denied, 474 U.S. 831 (1985). If the federal claims are based on the same theories relied upon in the state courts, then the petitioner adequately exhausted his remedies and the merits of claims should be addressed.
 
 
 5
 Accordingly, the district court's judgment is hereby vacated and the cause is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.