877 F.2d 63
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard L. WILSON, Jr., Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 89-3124.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1989.
 
 1
 Before BOYCE E. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and JULIAN A. COOK, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Leonard Wilson moves for in forma pauperis status, counsel, and for release on bail pending appeal. Wilson appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254 for failure to exhaust available state court remedies.
 
 
 4
 Wilson claimed that his guilty plea was the result of ineffective assistance of counsel and counsel's misrepresentations. After reviewing the magistrate's report and recommendation and Wilson's objections, the district court dismissed the petition.
 
 
 5
 On appeal, Wilson claims that the district court failed to consider his motions for appointment of counsel, for an evidentiary hearing, for release on bail pending final determination of the merits of his petition, and failed to consider the merits of his petition.
 
 
 6
 Upon consideration, we affirm the district court's judgment, but for reasons other than those stated by that court. Wilson has failed to establish cause and prejudice for his failure to present his claims to all the state courts. Wilson states that he did not bring a direct appeal from his conviction. Rather, he moved for post-conviction relief in the Ohio Common Pleas Court on three separate occasions, raising the same claims that he presents in this habeas petition. Each motion was denied, and he did not appeal. Wilson also cannot bring a delayed appeal from the denials of his motions for post-conviction relief. See Ohio R.App.P. 5(A); State v. Harvey, 68 Ohio App.2d 170, 428 N.E.2d 437 (1980). Wilson is therefore barred from returning to the state courts for consideration of these issues, as a remedy for further exhaustion is simply not available.
 
 
 7
 Contrary to the district court's statement, because remedies are not available to Wilson at the state level, this suit was not subject to dismissal for lack of exhaustion of available remedies. Rather, Wilson must show cause and prejudice to excuse his failure to present these issues to all levels of state review before filing his habeas corpus petition. See Teague v. Lane, 109 S.Ct. 1060, 1068 (1989); Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987); Ewing v. McMackin, 799 F.2d 1143, 1148-50 (6th Cir.1986).
 
 
 8
 These issues are not reviewable in this action because Wilson has failed to show the requisite cause and prejudice to excuse his failure to present them in the state courts. Although Wilson attempts to show cause by claiming that he was ignorant of appellate procedure, the application of the law must be equal, even for those who have no attorney. See Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir.1988).
 
 
 9
 As a result, the motions for in forma pauperis status, counsel, and for release on bail pending appeal are hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation