899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene TAYLOR, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Respondent-Appellee.
 No. 89-5915.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1990.
 
 Before RALPH B. GUY Jr., and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial, Eugene Taylor was found guilty on charges of burglary, theft by unlawful taking over $100.00, and intimidating a witness. He pleaded guilty to being a persistent felony offender II. He received enhanced concurrent sentences of ten years on each of the three underlying convictions.
 
 
 3
 In a motion filed under Rule 11.42, Kentucky Rules of Criminal Procedure, Taylor alleged ineffective assistance of counsel as grounds for relief from the persistent felony offender conviction. The Kentucky state court denied the motion. Taylor filed a notice of appeal, which he later withdrew. Two years later, Taylor filed a belated appeal which the Kentucky Court of Appeals construed as a motion to reinstate the appeal; the motion was denied. Taylor's motion for discretionary review in the Kentucky Supreme Court was also denied.
 
 
 4
 In a petition for federal habeas corpus relief, Taylor renewed his allegation that he was denied effective assistance of counsel on his persistent felony offender conviction.
 
 
 5
 Upon review we conclude that dismissal was proper because the petition was barred by a procedural default on appeal. See Reed v. Ross, 468 U.S. 1, 10-11 (1984). Taylor may not bring his claim of ineffective assistance of counsel to federal court absent a showing of cause to excuse his failure to present the claim to the state courts and actual prejudice to his defense at trial or on appeal. See Teague v. Lane, 109 S.Ct. 1060, 1068-69 (1989); Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1987) (per curiam).
 
 
 6
 Taylor failed to show cause. He asserts on his appeal in this court he did not perfect the appeal in state court (and later withdrew it) because he did not know how to proceed. This argument is unavailing. The right of self-representation does not excuse a party from compliance with procedural or substantive rules of law. Faretta v. California, 422 U.S. 806, 834 n. 46 (1975).
 
 
 7
 Taylor also failed to show prejudice. Review of the transcript discloses his colloquy with the trial judge, in which Taylor asserts that he understands that he is entitled to certain rights and that he will relinquish those rights on entry of a guilty plea. Taylor's guilty plea was valid. See Boykin v. Alabama, 395 U.S. 238, 243 (1969).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.