911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene NERO, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 89-3976.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1990.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Eugene Nero appeals from an order of the District Court for the Southern District of Ohio dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. In 1986, Nero was indicted on two counts of rape, aggravated burglary, obstructing official business, and vandalism, all with specifications of prior felony convictions. Nero pleaded guilty to all five charges and was sentenced to ten to twenty-five years for each of the rape and burglary offenses and to one and one-half to five years for each of the offenses of obstructing official business and vandalism, such terms to be served concurrently. The Ohio Court of Appeals affirmed the convictions, and the Ohio Supreme Court denied Nero's motion for leave to appeal.
 
 
 4
 Thereafter, Nero filed a petition for habeas corpus relief in which he alleged: (1) his plea of guilty to the five offenses charged was not knowingly and voluntarily made with notice and understanding of the nature of the charges as required by due process of law; and (2) he was denied due process of law by the trial court's imposition of actual incarceration following his plea of guilty, where he did not enter a plea of guilty to the specifications within the offenses charged or waive his right to have a trial court or jury determine the existence of the specifications. Attached to the petition was an affidavit in which Nero stated that at no time did Nero's counsel inform the petitioner of the various offenses or the elements of the offenses for which he was charged and that he did not receive a copy of the indictments containing the charges. The district court dismissed the petition for lack of exhaustion of Nero's allegation of ineffective assistance of counsel.
 
 
 5
 Upon review, this court concludes that the district court properly interpreted Nero's first allegation in his habeas corpus petition as one of ineffective assistance of counsel, based on the arguments made in his memorandum and the new evidence presented in the affidavit accompanying his petition. Nero has not presented this evidence in the state courts, as the exhaustion-of-state-remedies doctrine required him to do. Franklin v. Rose, 811 F.2d 322, 325 (6th Cir.1987). Nero is free to petition for a post-conviction evidentiary hearing on the issue of ineffective assistance of counsel, as this issue was not raised or adjudicated on his direct appeal. Ferguson v. Knight, 809 F.2d 1239, 1242 (6th Cir.1989) (per curiam); Ohio Rev.Code Ann. Sec. 2953.21; State v. Cooperrider, 4 Ohio St.3d 226, 228, 448 N.E.2d 452, 454 (1983).
 
 
 6
 Because at least one issue in Nero's complaint has not been exhausted, the district court properly dismissed his petition for relief. Rose v. Lundy, 455 U.S. 509, 515-20 (1982); Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). Accordingly, and for the reasons more fully set forth in the district court's opinion and order filed October 5, 1989, the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation