924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee SANDS, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 90-5171.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Lee Sands appeals from the district court's order dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sands was convicted by a jury of first degree murder, kidnapping and aggravated robbery. He was sentenced to three consecutive life terms in prison. On June 26, 1989, after a number of direct and post-conviction appeals in the Tennessee courts, Sands petitioned the district court for a writ of habeas corpus, stating nine grounds allegedly supporting habeas relief. On appeal, some of these grounds were abandoned; other issues have been raised which were not presented to the district court for consideration, and therefore will not now be addressed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986); Pinney Dock & Transport Co. v. Penn. Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 3
 Therefore, only the following grounds will be addressed on appeal: 1) Sands' appointed counsel rendered ineffective assistance because he was intoxicated during the trial; 2) Sands' appointed counsel did not understand some of the trial procedure; 3) the trial judge was a former law partner of Sands' appointed counsel and, therefore, was biased and had a conflict of interest in the case; 4) counsel had not provided Sands with a full transcript of the proceedings; 5) certain witnesses for the defense were not required to be present at the trial or at the evidentiary hearing; 6) Sheriff Paul Hill had, by the trial court's order, improperly seized and disposed of material evidence favorable to the defendant; and 7) Sands was generally denied a fair and impartial trial. Sands also moves the court for appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court did not err in denying the petition. The state courts thoroughly discussed Sands' claims that his counsel was intoxicated, that he did not understand some of the proceedings, and that he did not provide a full transcript to Sands, of the proceedings below. The state courts found the trial attorney's decisions and performance "excellent." The petitioner has not shown that finding to be clearly erroneous. Therefore, this court must presume that these findings of fact are correct. Sumner v. Mata, 455 U.S. 591, 592-93 (1982) (per curiam). Thus, none of Sands' claims based on ineffective assistance of counsel support habeas relief.
 
 
 5
 Similarly, the state courts found no conflict of interest by the trial judge's former partnership with defense counsel. These findings must also be presumed to be correct, as the petitioner has not shown these findings to be inaccurate. Sumner, 455 U.S. at 592-93.
 
 
 6
 Finally, the district court correctly determined that Sands had not established the requisite cause for his failure to present his remaining claims before the state court, which claims are now procedurally barred in that forum. See Tenn.Code Ann. Sec. 40-30-102; Abston v. State, 749 S.W.2d 487, 488 (Tenn.Crim.App.1988). Further, Sands has not shown that he was actually prejudiced at trial or on appeal, by his failure to raise these claims. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Ferguson v. Knight, 809 F.2d 1239, 1241 (6th Cir.1987) (per curiam).
 
 
 7
 Accordingly, petitioner's motion for appointment of counsel is denied, and the district court's order filed November 24, 1989, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.